VAN NORTWICK, J.
Azita Behnam, the former wife, challenges a final summary judgment entered in a dissolution of marriage proceeding. Because there was no motion for summary judgment before the trial court, entry of an order granting such was in error. Accordingly, we reverse and remand for further proceedings.
The parties were married in Iran in 1981. After separating in August 2009, the former wife left Iran and relocated to Gainesville, Florida. The former wife filed a petition for support unconnected with dissolution of marriage, which was later amended to a petition for dissolution of marriage.
The former husband filed multiple motions to dismiss, the last of which is at issue here. In pertinent part, the former husband’s motion alleged that the parties had already been divorced in Iran, and as such, the doctrine of res judicata barred the former wife from further litigating the issue. In response to the motion to dismiss, the trial court entered an order granting final summary judgment for the former husband.
It was error to treat the former husband’s motion to dismiss as one for summary judgment. As explained in Holland v. Anheuser Busch, Inc., 643 So.2d 621, 623-24 (Fla. 2d DCA 1994),
[cjounsel must remember that [a motion for summary judgment and a motion to dismiss have] separate purpose[s] under our rules of civil procedure. A motion to dismiss is customarily designed to test the legal sufficiency of a complaint to state a cause of action, not to determine issues of ultimate fact. The function of a motion for summary judgment is to determine if the parties can offer sufficient proof to support the issues framed in their pleadings.
See also Wells Fargo Bank, N.A. v. Bohatka, 112 So.3d 596 (Fla. 1st DCA 2013).
Because the trial court erred in treating the motion to dismiss as one for summary judgment, we REVERSE and REMAND for further proceedings. Given our disposition as to this issue, all other issues raised on appeal are moot.
CLARK and OSTERHAUS, JJ., concur.