DAVIS, Chief Judge.
U.S. Bank National Association, as Trustee for the GSAMP TRUST 2006-NCI Mortgage Pass-through Certificates, Series 2006-NCI (the Bank),[1] challenges the trial court’s summary final judgment entered in favor of Jose Busquets in the Bank’s foreclosure action against Bus- *489 quets. In the final judgment, the trial court dismissed the foreclosure action, concluding that the Bank failed to give proper notice before accelerating the loan as required by the terms of the mortgage.[2] The Bank argues that the trial court erred in finding its notice of acceleration deficient. We agree and reverse.
On October 81, 2005, Busquets borrowed funds from New Century Mortgage Corporation and executed a promissory note in favor of the lender to represent his obligation. He also executed a mortgage on his real property in favor of New Century to secure his obligations on the promissory note.[3]
The mortgage required that any notice of default and possible foreclosure proceedings advise “that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceedings^] and sale of the property.”
Busquets ultimately became delinquent on his loan payments, and on November 2, 2011, the Bank, through its servicing agent, sent a notice of default to Busquets. The language of the notice provided as follows:
Failure to bring your account current may result in our election to exercise our right to foreclose on your property. Upon acceleration, your total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney’s fees and costs. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action (if possible). You have the right to assert in court the nonexistence of a default or any other defense to acceleration and foreclosure.
The Bank then filed its foreclosure complaint.
In response, Busquets filed a motion for summary judgment, arguing that pursuant to the terms of the mortgage contract, the notice of default was deficient in five ways. Busquets therefore maintained that the Bank had breached the mortgage agreement. Busquets argued that the foreclosure action should be dismissed due to the Bank’s failure to show that all conditions precedent had been accomplished.
The trial court granted summary judgment, finding that the Bank’s notice of default was deficient in two of the ways alleged by Busquets.[4] The Bank now challenges that ruling.
On appeal, the Bank first argues that the trial court erred in finding that the notice it provided Busquets was deficient because it only advised Busquets that the holder of the note could institute foreclosure proceedings if the default was not cured, whereas the mortgage required that the notice advise of the potential of foreclosure by way of judicial proceedings. We agree.
“Under Florida law, contracts are construed in accordance with their plain lan *490 guage, as bargained for by the parties.” Konsulian v. Busey Bank, N.A., 61 So.3d 1283, 1285 (Fla. 2d DCA 2011) (applying this principle to the language of a mortgage). Here, the language of the Bank’s notice meets the notice requirements set forth in the plain language of the mortgage contract. Busquets clearly was put on notice of the possibility of a foreclosure proceeding. And the trial court’s concern that the word “proceeding” was not modified by the word “judicial” is misplaced because in Florida, the only method for foreclosure is a judicial proceeding. Cf. DeSilva v. First Cmty. Bank of Am., 42 So.3d 285, 290 (Fla. 2d DCA 2010) (“ ‘[I]n order to protect a borrower’s due process rights, the courts have determined that a mortgagee can acquire possession upon a default only through judicial foreclosure.’ ” (quoting Orlando Hyatt Assocs., Ltd. v. F.D.I.C., 629 So.2d 975, 977 (Fla. 5th DCA 1993))). See generally §§ 701.02, 702.09, Fla. Stat. (2011).
Furthermore, the language of the Bank’s notice adequately describes the nature of the proceedings that Busquets might face. The notice states that in the foreclosure proceeding, the lender may collect attorney’s fees and costs in addition to the unpaid principal and interest. The notice further advises that in the foreclosure proceeding, the mortgagee has “the right to assert in court the nonexistence of a default or any other defense to acceleration and foreclosure.” Thus, the complete paragraph in the Bank’s notice adequately describes the foreclosure proceeding as a judicial proceeding, making the notice sufficient under paragraph twenty-two of the mortgage contract. It was therefore error for the trial court to hold otherwise.
The trial court also found that because the Bank’s notice only advised Bus-quets that he “may” have the right to reinstate the mortgage after acceleration, it did not comply with paragraph twenty-two’s requirement that the notice “further inform Borrower of the right to reinstate after acceleration.” We disagree.
Paragraph nineteen of the mortgage specifies Busquets’ right to reinstate after acceleration by stating that “[i]f the Borrower meets certain conditions, [the] Borrower shall have the right to have the enforcement of this Security Instrument discontinued.” The paragraph then designates the timing for exercising this right, and it continues by listing four conditions that must be met to be eligible to secure reinstatement. In other words, by the plain reading of the terms of the mortgage contract, the right to reinstatement is at best a qualified right, obtainable only after the borrower meets the specified conditions precedent. The trial court’s reading of paragraph twenty-two in isolation might suggest that the notice must advise Bus-quets of an absolute right, but such a reading is contrary to the provisions of paragraph nineteen and would, in effect, misadvise Busquets of his rights by advising him that he had an absolute right in conflict with the conditional rights provision of the mortgage contract.
Furthermore, the Bank’s notice advised Busquets to review the terms of his mortgage contract to determine the conditions under which he might be eligible for reinstatement. Therefore, the trial court erred in finding the language of the notice deficient in this regard.
Based on these two errors, we reverse the trial court’s final summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.

. Although not the original holder of the note and mortgage, the Bank, through a series of assignments, became a party at interest prior to initiating the foreclosure proceedings.

. The dismissal was without prejudice to the Bank’s filing a new foreclosure action once proper notice is given.

. The note and mortgage were sold, and the new holders of the note and mortgage engaged Ocwen Loan Servicing LLC to handle the collection of the note.

.The trial court did not address the remaining three deficiencies alleged by Busquets, and this opinion does not address the respective merits of those claims.