# Third District Court of Appeal

## State of Florida

Opinion filed November 04, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-83
Lower Tribunal No. 13-6675
_____

**Bank of New York Mellon,**
Appellant,

vs.

**Magaly Nunez and Francisco Valdes,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Gerald D. Hubbart, Senior Judge.

Quarles & Brady, LLP, and J. Kirby McDonough and S. Douglas Knox (Tampa), for appellant.

Law Offices La Ley con John H. Ruiz, P.A., and John H. Ruiz and Christine M. Lugo, for appellees.

Before SHEPHERD, ROTHENBERG, and SCALES, JJ.

ROTHENBERG, J.

Bank of New York Mellon ("the Bank") appeals from an order involuntarily

dismissing without prejudice its foreclosure action filed against Magaly Nunez and Francisco Valdes ("the defendants") based on the Bank's failure to satisfy conditions precedent to the filing of the foreclosure action as set forth in paragraph 22 of the defendants' mortgage. Because the Bank substantially complied with the conditions precedent, we reverse the order under review and remand for further proceedings.

The Bank filed a mortgage foreclosure action against the defendants, alleging that they had defaulted under the terms of the note and mortgage by failing to make the required payments, and that the Bank had satisfied all conditions precedent to the filing of the foreclosure action. Pursuant to paragraph 22 of the mortgage,[1] prior to filing the foreclosure complaint, the Bank was

---

[1] Paragraph 22 of the mortgage provides in part as follows:

> **22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. . . .**

required to notify the defendants of their default of the note and their rights in connection with that default.

The defendants filed an answer and affirmative defenses to the Bank's complaint, asserting, in part, that the Notice of Intent to Accelerate ("the default notice") did not strictly comply with paragraph 22 of the mortgage, and therefore, the Bank did not satisfy the conditions precedent to the filing of the foreclosure action. In response, the Bank asserted that strict compliance with the conditions precedent is not required, and the default notice substantially complied with paragraph 22 of the mortgage.

At the non-jury trial, the defendants moved for an involuntary dismissal on the ground that the default notice failed to strictly comply with paragraph 22. In doing so, the defendants relied on Samaroo v. Wells Fargo Bank, 137 So. 3d 1127 (Fla. 5th DCA 2014), and Haberl v. 21st Mortgage Corp., 138 So. 3d 1192 (Fla. 5th DCA 2014), asserting that these opinions stand for the proposition that strict compliance, not substantial compliance, with conditions precedent is required. In response, the Bank argued that the default notice strictly complied with paragraph 22 of the defendants' mortgage, but if it did not, only substantial compliance with conditions precedent is necessary, relying on Seaside Community Development Corp. v. Edwards, 573 So. 2d 142 (Fla. 1st DCA 1991). The trial court granted the

(emphasis in original).

3

defendants' motion for involuntary dismissal without prejudice, and the Bank's appeal followed.

The primary issue raised in this appeal is whether the Bank's default notice to the defendants must strictly comply or merely substantially comply with paragraph 22 of the mortgage. For the reasons that follow, we conclude that substantial compliance is sufficient.

The notice requirements set forth in paragraph 22 of the defendants' mortgage are conditions precedent to the filing of a foreclosure action against the borrower. See Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011) ("The word 'shall' in the mortgage created conditions precedent to foreclosure . . . ."). A court must "interpret and apply the provisions of mortgages the same way [it] interpret[s] and appl[ies] the provisions of any other contract." Green Tree Servicing, LLC v. Milam, 40 Fla. L. Weekly D1733, D1735 (Fla. 2d DCA July 29, 2015).

In Konsulian, the Second District Court of Appeal specifically interpreted the default notice provision in paragraph 22 of Konsulian's mortgage in accordance with ordinary contract principles, and the Second District later found in Green Tree Servicing that "[i]n Florida, a party's adherence to contractual conditions precedent is evaluated for **substantial compliance** or **substantial performance**." 40 Fla. L. Weekly at D1735 (emphasis added). The Fifth and

4

First District Courts of Appeal have made similar findings. For example, in Allstate Floridian Ins. Co. v. Farmer, 104 So. 3d 1242, 1246 (Fla. 5th DCA 2012), the Fifth District found that "[c]ourts require there to be at least substantial compliance with conditions precedent in order to authorize performance of a contract," and in Seaside Community Development, the First District held, "When the happening of a condition precedent is an element of a contract, no recovery can be had with regard to performance of the contract absent substantial compliance with the condition precedent." 573 So. 2d at 145. We agree with our sister courts of appeal and find that the lender's default notice to the borrower must only substantially comply with the conditions precedent set forth in the mortgage.

Although we have concluded that the default notice must only substantially comply with the conditions precedent set forth in paragraph 22 of the mortgage, we briefly address the defendant's assertion that the Fifth District Court of Appeal's decisions in Samaroo and Haberl stand for the proposition that the default notice must strictly comply with paragraph 22 of the mortgage. Neither opinion **made** such a finding. The Samaroo and Haberl courts did not even address what standard applied—strict compliance or substantial compliance. In Samaroo, the Fifth District simply rejected the lender's argument that the default notice "substantially" complied with paragraph 22 of the Samaroos' mortgage because the default notice **completely** failed to inform the borrowers of their right to

5

reinstate after acceleration, and the court noted that the default notice sent to the Samaroos "in no way suggests the right to reinstate after acceleration." Samaroo, 137 So. 2d at 1129. Similarly, the Haberl court found that the conditions precedent set forth in paragraph 22 of Haberl's mortgage had not been met because the default notice "failed to inform Haberl of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or other defense of borrower to acceleration and foreclosure." Haberl, 138 So. 3d at 1192 n.1. Accordingly, we conclude that the defendants' reliance on Samaroo and Haberl for the proposition that strict compliance with paragraph 22 is required is misplaced.

In the instant case, the Bank's default notice informed the defendants (a) that they were in default for failing to make required payments; (b) of the action required to cure the default—payment of a certain sum by a certain date, which date was not less than thirty days from the date of the default notice; and (c) that if they failed to cure the default by the certain date, the mortgage payments would be accelerated, a foreclosure action would be initiated, and that their failure to cure might result in foreclosure and the sale of their property. The default notice also informed the defendants of other rights, including their rights after acceleration. Because the default notice substantially complied with paragraph 22 of the defendants' mortgage, we reverse the order under review and remand for further

6

proceedings.

Reversed and remanded.