# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-669
Lower Tribunal No. 12-34113
_____

**Bank of America,**
Appellant,

vs.

**Francois Claude Cadet,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gerald D. Hubbart, Senior Judge.

Greenberg Traurig, P.A., and Kimberly S. Mello and Jonathan S. Tannen (Tampa), for appellant.

The Ticktin Law Group, P.A., and Peter Ticktin, Joshua Bleil, and Kendrick Almaguer, and Simon Lassel (Deerfield Beach), for appellee.

Before SUAREZ, C.J., and ROTHENBERG and SCALES, JJ.

ROTHENBERG, J.

Bank of America ("the Bank") appeals the trial court's order involuntarily dismissing the Bank's foreclosure action filed against Francois Claude Cadet ("Cadet") based on the Bank's failure "to strictly comply with paragraph 22 of the mortgage . . . ." Paragraph 22 of Cadet's mortgage sets forth several conditions precedent to the filing of a foreclosure action. Based on this Court's opinion in Bank of New York Mellon v. Nunez, 40 Fla. L. Weekly D2486 (Fla. 3d DCA Nov. 4, 2015), we reverse.[1]

In sum, we interpreted the default notice provision in paragraph 22 of the mortgage in accordance with ordinary contract principles and Florida law, which evaluates adherence to contractual conditions precedent for substantial compliance or performance, Nunez, 40 Fla. L. Weekly D2486 at *2, not strict compliance as the trial court found was required in the instant case. We note that in the instant case, just as in the Nunez case, relevant to the trial court's order, the Bank's default notice informed Cadet that he was in default for failing to make the required payments (Cadet has not made his mortgage payments since March of 2008); the action required to cure the default (payment of $9,800.20 already due on or before June 4, 2008, plus any additional payments, late charges, fees and charges, which

---

[1] The order issued in Nunez was issued by the same trial judge and on the same grounds as the order issued in the instant case. We note, however, that when the instant order was issued, and the attorneys filed their briefs in the instant case, our opinion in Nunez had not yet been issued. Thus, the trial judge and the attorneys did not have the benefit of this Court's rulings on the issues presented.

become due on or before June 4, 2008); and if he failed to cure the default by June 4, 2008, the mortgage payments would be accelerated and a foreclosure action would be initiated which could result in the foreclosure and sale of Cadet's property.

Because the default notice substantially complied with paragraph 22 of Cadet's mortgage, we reverse the order under review and remand for further proceedings. For a more complete analysis of the law on this issue, please see Nunez.

Reversed and remanded.