# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2042
Lower Tribunal No. 09-929
_____

**Bank of New York, etc.,**
Appellant,

vs.

**Luisa E. Mieses,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gill S. Freeman, Judge, and Martin Shapiro, Senior Judge.

Padula Hodkin and David W. Rodstein (Boca Raton), for appellant.

Simeon Genadiev and Orlando Delgado, for appellee.

Before ROTHENBERG, LAGOA and EMAS, JJ.

EMAS, J.

Bank of New York appeals a final summary judgment entered in favor of Luisa E. Mieses ("Mieses") in this foreclosure case. The trial court granted summary judgment upon a finding that Bank of New York failed to comply with paragraph twenty-two of the mortgage agreement. Upon our *de novo* review, we find that Bank of New York substantially complied with the requirements of paragraph twenty-two, and therefore, reverse the trial court's summary judgment order and remand for further proceedings.

Paragraph twenty-two of the mortgage executed by Mieses provided, in pertinent part:

> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

Following an alleged default, the lender sent Mieses a default notice, informing her:

> If the default is not cured on or before October 16, 2008, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. . . . You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. . . .

2

> Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

The trial court found that Bank of New York's default notice failed to comply with paragraph twenty-two of the mortgage agreement because it advised Mieses only that she could "bring a court action," not that she had the right to "assert in the foreclosure proceeding" the non-existence of default or any other defense to acceleration and foreclosure. We hold that the trial court erred in this determination.

This court recently held that a "lender's default notice to the borrower must only substantially comply with the conditions precedent set forth in the mortgage." Bank of New York Mellon v. Nunez, 180 So. 3d 160, 163 (Fla. 3d DCA 2015). The language of paragraph twenty-two and the default notice in Nunez is identical to the language of paragraph twenty-two and the default notice in the instant case. In Nunez, we reversed the trial court's order of involuntary dismissal, holding that the default notice substantially complied with paragraph twenty-two of the mortgage.

The facts and holding of Nunez are on all fours with the case before us. See also SunTrust Mortg. Inc. v. Garcia, 41 Fla. L. Weekly D384 (Fla. 3d DCA Feb. 10, 2016) (reversing final summary judgment and holding, on appellee's confession of error, that the language of the default notice (containing identical

3

language to that in the instant case) substantially complied with paragraph twenty-two of the mortgage); <u>Bank of America v. Cadet</u>, 41 Fla. L. Weekly D238 (Fla. 3d DCA Jan. 20, 2016); <u>Bank of New York Mellon v. Johnson</u>, 41 Fla. L. Weekly D287 (Fla. 5th DCA January 29, 2016); <u>Green Tree Servicing, LLC v. Milam</u>, 177 So. 3d 7 (Fla. 2d DCA 2015).[1]

Accordingly, because we find, as in <u>Nunez</u>, that the default notice substantially complied with paragraph twenty-two of Mieses' mortgage, we reverse the final summary judgment and remand for further proceedings.

REVERSED AND REMANDED.

---

[1] We note that the trial court did not have the benefit of <u>Nunez</u> (or the other cases cited herein) at the time it rendered its final summary judgment in November 2014.