# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-568
Lower Tribunal No. 13-11459
_____

**Nationstar Mortgage, LLC,**
Appellant,

vs.

**Fred Craig, Jr. and Janice Minnis-Craig,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Akerman LLP, Nancy M. Wallace (Tallahassee), William P. Heller and Henry H. Bolz (Fort Lauderdale) and Eric M. Levine (West Palm Beach), for appellant.

The Ticktin Law Group, Peter Ticktin, Kendrick Almaguer, Joshua Bleil and Simon Lassel (Deerfield Beach), for appellees.

Before WELLS, EMAS and LOGUE, JJ.

EMAS, J.

Nationstar Mortgage, LLC appeals the final orders of the trial court which entered judgment in favor of Fred Craig, Jr. and Janice Minnis-Craig on Nationstar's action for foreclosure, and canceled the promissory note, but awarded a money judgment (without foreclosure) in favor of Nationstar. For the reasons that follow, we reverse and remand.

**<u>FACTS</u>**

Mr. Craig executed a $200,000 promissory note on April 10, 2007 in favor of Lehman Brothers Bank. Mr. and Mrs. Craig both executed the mortgage encumbering their property as security for the debt.

When Mr. Craig failed to make the May 1, 2008 payment, and all subsequent payments, Nationstar filed a one-count foreclosure complaint against Mr. and Mrs. Craig, alleging it was the holder of the note and entitled to enforce the note and mortgage. Attached to the complaint was a copy of the mortgage and a copy of the note, which was endorsed in blank.

A clerk's default was entered against Mrs. Craig. Mr. Craig answered the complaint and asserted three affirmative defenses: (1) failure to comply with paragraph 22 of the mortgage by failing to show that the "Lender" provided the owner with a notice of default; (2) lack of standing, contesting the validity of the

2

endorsement on the note; and (3) unclean hands because Nationstar failed to provide written notice of the loan's assignment.

Thereafter, Nationstar moved for summary judgment. It asserted that none of Mr. Craig's affirmative defenses prevented summary judgment. First, it alleged that Mr. Craig was provided with a notice of default in compliance with paragraph 22 and attached a copy of that notice. Second, it alleged it did have standing because it possessed the valid note with a valid endorsement prior to filing the lawsuit. Finally, it asserted that the unclean hands defense was legally insufficient and that it did provide the requisite notice of the assignment, which it attached to the motion.

Also attached to the motion for summary judgment was the affidavit of Edward Hyne, Nationstar's litigation resolution analyst, who averred in relevant part that he is familiar with Nationstar's record systems involving residential mortgage loans; that the data in the record systems is entered contemporaneously by individuals with personal knowledge of that information; that it is the regular business practice of Nationstar to create these records; and that they are maintained in the regular course of Nationstar's business and relied upon by them to conduct their business as a loan servicer. Mr. Hyne described the history of the loan's prior servicing by Aurora Bank, the sale of those servicing rights to Nationstar, and the boarding method utilized for incorporating Aurora's business records into

Nationstar's records. Mr. Hyne also averred that, at the time suit was filed, Nationstar was the holder of the note (endorsed in blank) and mortgage. Mr. Hyne averred that the default notice was dated December 22, 2011 and was sent by first-class mail to Mr. Craig. The affidavit contained a breakdown of the amount of indebtedness for the loan and Mr. Hyne averred that the total amount due and owing was $321,011.50.

Documents attached to the affidavit (and authenticated by Hyne's affidavit) included the note and mortgage; records showing Nationstar's possession of the endorsed-in-blank note as of the date suit was filed; Mr. Craig's payment history records; the December 22, 2011 default notice sent to Mr. Craig; a correspondence log; and records evidencing the total amount of indebtedness for the subject loan.

Mr. Craig also moved for summary judgment. He asserted, inter alia, that the default notice sent by Nationstar failed to comply with paragraph 22 of the mortgage[1] because it did not properly inform the owner of his rights with regard to

---

[1] Paragraph 22 of the mortgage provides in pertinent part:

> Lender shall notice to the Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and, (d) that the failure to cure the default on or before the date specified in the notice may result in an acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to

4

the foreclosure proceeding—specifically, that paragraph 22 requires the notice to state that the borrower has the right to assert defenses in the foreclosure proceedings and the notice told him only that he had the right to bring a court action to assert those defenses.[2,3]   Mr. Craig's motion was not verified and no affidavit was attached.  In opposition to Mr. Craig's motion, Nationstar filed a second affidavit of Edward Hyne, in which he averred that a proper notice of default was provided to Mr. Craig in compliance with paragraph 22, set forth the requisite foundation to establish the default notice was a business record of Nationstar, and attached a copy of the default notice sent to Mr. Craig.

The trial court held a hearing on both motions for summary judgment.  The granted Mr. Craig's motion for summary judgment on Nationstar's action for

---

assert in the foreclosure proceedings the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

[2] The default notice provided by Nationstar to Mr. Craig informed him that the loan is in default; that he had the right to cure this default by paying the sum of $100,659.65 within thirty days; and that if he did not bring the loan current within thirty days, Aurora Bank could accelerate.  The letter further provided:

You have the right to bring your loan current after legal action has begun.  You are hereby informed that you have the right to "cure" or reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.

[3] The other contentions raised in Mr. Craig's motion for summary judgment, regarding compliance with paragraph 22, are without merit and warrant no further discussion.

foreclosure, based upon a finding that Nationstar failed to comply with paragraph 22 of the mortgage. The trial court denied Nationstar's motion for summary judgment of foreclosure, but nevertheless entered a final money judgment in favor of Nationstar for the amount of the unpaid installments dating from May 1, 2008.[4] The trial court canceled the original note.

Nationstar timely moved for rehearing, which was denied by the trial court, and this appeal followed.

We review de novo the trial court's order of final summary judgment. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000).

**ANALYSIS**

The Craigs properly and commendably concede that the trial court erred in entering a final money judgment and canceling the note, relief which neither party pleaded nor requested. However, the Craigs contend that given the trial court's determination that Nationstar failed to comply with the notice requirements of paragraph 22 of the mortgage, this court should affirm the denial of Nationstar's motion for final summary judgment of foreclosure, and its granting of final summary judgment in favor of the Craigs.

---

[4] The trial court entered this money judgment against Fred Craig, Jr., and Janice Minnis-Craig, although only Mr. Craig was a signatory to the note.

6

However, the undisputed evidence establishes that the default notice substantially complied with the requirements of paragraph 22 of the mortgage. Based upon our decisions in Wells Fargo Bank, N.A. v. Hernandez & Silva Enters., Inc., No. 3D15-702 (Fla. 3d DCA May 4, 2016); Bank of New York Mellon v. Mieses, No. 3D15-2042 (Fla. 3d DCA March 16, 2016); SunTrust Mortg., Inc. v. Garcia, 186 So. 3d 1036 (Fla. 3d DCA 2016); Bank of America v. Cadet, 183 So. 3d 477 (Fla. 3d DCA 2016); and Bank of New York Mellon v. Nunez, 180 So. 3d 160 (Fla. 3d DCA 2015), we hold that the trial court erred in finding that the notice at issue in this case failed to comply with paragraph 22 of the mortgage.[5]

Accordingly, we reverse the final judgment canceling the note and awarding a money judgment, as well as the final summary judgment in favor of the Craigs and the order denying Nationstar's motion for summary judgment.[6]

_____

[5] We acknowledge that the trial court did not have the benefit of these decisions at the time of the hearing on the motions or at the time of rehearing.

[6] The order denying Nationstar's motion for summary judgment is deemed to have been merged into the final summary judgment in favor of the Craigs and is properly reviewable on appeal. Del Castillo v. Ralor Pharmacy, Inc., 512 So. 2d 315 (Fla. 3d DCA 1987) (citing Auto Owners Ins. Co. v. Hillsborough Cnty. Aviation Auth., 153 So. 2d 722, 724 (Fla. 1963) (holding that an "appeal from the final judgment brings up for review all interlocutory orders entered as a necessary step in the proceeding"). We reverse the latter order not only because it was based upon the trial court's conclusion that there was not compliance with paragraph 22 of the mortgage, but also because the trial court concluded, erroneously, that the default notice itself was inadmissible as a hearsay document. The default notice was in fact admissible and was not hearsay, as it was being introduced not for the truth of the matter asserted but as a verbal act, defined as "an operative fact that

Reversed and remanded for further proceedings consistent with this opinion.

gives rise to legal consequences. Verbal acts, also known as statements of legal consequences, are not hearsay, because the statement is admitted merely to show that it was actually made, not to prove the truth of what was asserted in it." Arguelles v. State, 842 So. 2d 939, 943 (Fla. 4th DCA 2003)(quoting Banks v. State, 790 So. 2d 1094, 1097-98 (Fla. 2001)). In the instant case, Nationstar sought to introduce the default notice to establish that it complied with the notice of default provisions of the mortgage. On remand, the court should reconsider Nationstar's motion for summary judgment in light of our decision in this case.