NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Appellant,

v.

        Case No. 2D14-5165

CHARLES A. MORTON, LATASHA A.
MORTON, CHASE BANK USA N.A.,
VALENCIA PARK HOMEOWNERS'
ASSOCIATION, INC,

        Appellees.

_____

Opinion filed June 15, 2016.

Appeal from the Circuit Court for Pinellas
County; Ray E. Ulmer, Jr., Judge.

Mary P. Stella, Daniel Stein and David
Rosenberg of Popkin & Rosaler, P.A.,
Deerfield Beach, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellee Latasha A. Morton.

No appearance for remaining Appellees.


SALARIO, Judge.

Federal National Mortgage Association (Fannie Mae) appeals from a final order dismissing this foreclosure action based on its alleged failure to comply with the notice requirements of paragraph twenty-two of the mortgage. We reverse and remand for further proceedings in light of the substantial compliance standard applicable to paragraph twenty-two questions that we announced in <u>Green Tree Servicing, LLC v. Milam</u>, 177 So. 3d 7, 13 (Fla. 2d DCA 2015).

Fannie Mae commenced this suit by filing a foreclosure complaint against Charles and Latasha Morton alleging that they failed to make monthly payments on their note and mortgage. Ms. Morton filed an answer alleging that Fannie Mae failed to comply with paragraph twenty-two of the mortgage.[1] Paragraph twenty-two is a standard term of residential mortgages requiring that the lender provide the borrower with thirty days' written notice of certain matters before accelerating the debt or filing a foreclosure action. There is no dispute in this case that a notice letter was timely sent; the dispute appears to be whether that letter actually did what paragraph twenty-two requires.

The case was called for a nonjury trial on October 3, 2014. Because the notice requirement of paragraph twenty-two is a condition precedent to foreclosure, a determination that Fannie Mae failed to satisfy it would have disposed of the case. <u>See Konsulian v. Busey Bank, N.A.</u>, 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011). Before they presented any evidence, and in order to avoid a potentially unnecessary trial when there was a question about the satisfaction of that condition, the parties stipulated to having

---

[1] Both Mr. and Ms. Morton were parties to the note and mortgage and listed as defendants in the action. It appears that of the two, however, Ms. Morton was the only party to participate below and on appeal.

- 2 -

the trial court decide the sufficiency of the content of the notice letter by way of a defense motion for involuntary dismissal at the beginning of trial. The parties proceeded on the basis that the trial court could resolve any issues related to the content of the notice letter by comparing the text of that letter to the text of paragraph twenty-two and determining whether the letter said what paragraph twenty-two required it to say.

Ms. Morton argued that Fannie Mae's letter violated paragraph twenty-two because it failed to specify the type of payment Fannie Mae believed the Mortons failed to make—e.g., principal, interest, taxes, or insurance—failed to specify the action required to cure the alleged default, failed to state that nonpayment could result in foreclosure by judicial proceeding, and failed to state that the Mortons could assert the nonexistence of a default as a defense to a judicial foreclosure proceeding. The trial court agreed with Ms. Morton on all grounds, held that the letter failed to comply with paragraph twenty-two, and dismissed the action without prejudice.

At the time, neither the parties nor the trial court had the benefit of our decision in Green Tree, which held that a notice letter should be evaluated for substantial rather than strict compliance with the requirements of paragraph twenty-two. 177 So. 3d at 13. Under that test, "when the content of a lender's notice letter is nearly equivalent to or varies in only immaterial respects from what the mortgage requires, the letter substantially complies, and a minor variation from the terms of paragraph twenty-two should not preclude a foreclosure action." Id. at 14-15. It is only when "the lender's notice letter varies from paragraph twenty-two in a way that goes to the essence of the parties' bargain" that an alleged defect in a notice letter should forestall a subsequent

- 3 -

foreclosure action.  Id. at 15; see also Lopez v. JPMorgan Chase Bank Nat'l Ass'n, 41 Fla. L. Weekly D595, D596 (Fla. 4th DCA Mar. 9, 2016) (adopting substantial compliance standard and holding that language regarding the rights of the borrower to assert defenses in a court action substantially complied with paragraph twenty-two's requirement that a borrower be notified of the right to assert defenses in a foreclosure proceeding); Bank of N.Y. Mellon v. Nunez, 180 So. 3d 160, 163 (Fla. 3d DCA 2015) (adopting substantial compliance standard and holding that notice letter that informed borrowers, among other things, "(a) that they were in default for failing to make required payments; [and] (b) of the action required to cure the default—payment of a certain sum by a certain date," substantially complied).

The trial court did not apply the substantial compliance standard to the paragraph twenty-two issue in this case, which calls for reversal of its dismissal order. See Bank of N.Y. Mellon v. Johnson, 185 So. 3d 594, 597 (Fla. 5th DCA 2016) (applying substantial compliance standard to determine that a trial court erred by dismissing a foreclosure for noncompliance with the paragraph twenty-two notice requirements); Nunez, 180 So. 3d at 163 (reversing and remanding for further proceedings because the default notice substantially complied with paragraph twenty-two).  In the circumstances presented here, the proper course is to remand for the trial court to consider the question under the correct legal standard.

Because paragraph twenty-two in substantial part governs the contents of a notice letter, the principal fact relevant to a determination of substantial compliance will ordinarily be the content of the notice letter at issue.  For that reason, a comparison of the text of a notice letter to the requirements of paragraph twenty-two will often be all

that is necessary to enable a court to determine whether the lender substantially complied with its requirements.  See, e.g., Green Tree, 177 So. 3d at 17-19 (analyzing, at summary judgment stage, various allegations of noncompliance with paragraph twenty-two in this way); Nunez, 180 So. 3d at 163.  When such a comparison is all that is necessary to determine the question of substantial compliance, and there are no issues concerning the authenticity of the notice letter, we can perform that comparison on appeal as readily as a trial court could as an original matter.  See, e.g., U.S. Bank Nat'l Ass'n v. Busquets, 135 So. 3d 488 (Fla. 2d DCA 2014) (examining the language of the mortgage and comparing it with the language of the notice letter to determine compliance and reversing a granted summary judgment where the trial court erroneously concluded the notice language was deficient).

Regardless of whether the issue on appeal can be wholly resolved by comparing the notice letter to paragraph twenty-two, whether a party has substantially complied with or performed a contract term remains a question of fact.  See Ness Racquet Club, LLC v. Ocean Four 2108, LLC, 88 So. 3d 200, 203 (Fla. 3d DCA 2011); CDI Contractors, LLC v. Allbrite Elec. Contractors, Inc., 780 So. 2d 963, 965 (Fla. 5th DCA 2001).  There will therefore be cases in which additional facts, beyond the undisputed language of the notice letter and that can only be presented in the trial court in accord with the procedural standard applicable to the stage of the proceedings at which the issue has been raised, will be relevant to determining whether a lender substantially complied with paragraph twenty-two.  At least in part, that appears to be the case here.

- 5 -

Ms. Morton argued in the trial court, and argues again here, that the notice letter did not specify the kind of payment default the Mortons allegedly committed, i.e., whether the default was for missing a monthly payment of principal and interest or some other payment required under the mortgage—as she asserts paragraph twenty-two requires. The letter stated, "your loan is in default, arising from the non-payment of the following amount" and provided a sum due. Additional facts—such as whether the Mortons actually committed a payment default other than nonpayment of principal and interest and, if so, whether the sum identified in the notice letter could have been understood to refer to such other payment default—may inform a determination of whether any asserted variation from paragraph twenty-two's requirement that the letter "specify . . . the default" was material or, alternatively, inconsequential. See Green Tree, 177 So. 3d at 15. In view of our intervening decision in Green Tree, the parties may wish to present additional evidence and arguments to the trial court on this issue.

Moreover, on appeal, Ms. Morton presents two "right-for-the-wrong-reason" grounds for affirmance that are not based on the content of the notice letter and are instead based on the circumstances under which it was provided to the Mortons. They assert that the notice letter was not provided by the lender as required by paragraph twenty-two, but rather was sent by a different entity purporting to act as servicer for Fannie Mae, and that it was also sent to the wrong address. Whether Fannie Mae substantially complied with paragraph twenty-two may well hinge on factual questions such as the relationship between Fannie Mae and the entity sending the letter

and the correct address of the Mortons.[2]  This is especially true with respect to the second issue concerning the address because there is an alleged dispute as to which of two notice letters—each sent to a different address—was operative for purposes of the paragraph twenty-two inquiry.

For these reasons, we reverse the trial court's final order of dismissal and remand for the trial court to evaluate the paragraph twenty-two issue in accord with our intervening decision in Green Tree and for such other proceedings as are consistent with this opinion.

Reversed and remanded.


VILLANTI, C.J., and LaROSE, J., Concur.

---

[2]We note that although Ms. Morton pleaded these matters in her answer, she did not argue them in her motion for involuntary dismissal.  These issues would thus have to be raised there on remand in order to be resolved.  See Robertson v. State, 829 So. 2d 901, 906-07 (Fla. 2002) (addressing the application of the tipsy coachman doctrine and approving the refusal to affirm "on an alternative ground not argued to the trial court, reasoning that 'the record does not reflect an evidentiary basis sufficient to permit us to make a determination as to whether these defenses are applicable in the instant case ' " (emphasis omitted) (quoting Dep't of Revenue ex rel. Rochelle v. Morris, 736 So. 2d 41, 42 (Fla. 1st DCA 1999))).