# Third District Court of Appeal

## State of Florida

Opinion filed September 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2815
Lower Tribunal No. 10-42936
_____

**Federal National Mortgage Association,**
Appellant,

vs.

**Mauricio J. Linares,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Levine Kellogg Lehman Schneider + Grossman, LLP and Jeffrey C. Schneider, Stephanie Hauser and Victor Petrescu, for appellant.

The Ticktin Law Group, P.A., Peter Ticktin, Josh Bleil, Kendrick Almaguer and Simon Lassel (Deerfield Beach), for appellee.

Before SUAREZ, C.J., and SHEPHERD and FERNANDEZ, JJ.

FERNANDEZ, J.

On September 6, 1996, Mauricio J. Linares executed a promissory note and mortgage. Linares defaulted under the note and mortgage when he failed to make a payment due April 1, 2010, and all payments thereafter. Federal National Mortgage Association (Fannie Mae) subsequently sought to foreclose on the mortgage. Paragraph twenty-one (21) of the mortgage required Fannie Mae to advise Linares of the default prior to filing a foreclosure action. Paragraph 21 of the mortgage provides:

> 21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

Linares received a default notice, which stated in pertinent part:

> If you fail to cure the default within thirty-two (32) days from the date of this notice, [Fannie Mae's servicer] will accelerate the maturity of the Loan, terminate your credit line if the Loan provides for revolving advances, declare all sums secured by the Mortgage immediately due and payable, and commence foreclosure proceedings, all without further notice to you. … If permitted by your loan documents or applicable law,

2

you have the right to reinstate after acceleration of the Loan and the right to bring a court action to assert the non-existence of a default, or any other defense to acceleration, foreclosure, and sale.

Fannie Mae subsequently filed a foreclosure action against Linares. Linares then filed an answer and affirmative defenses, in which he asserted that Fannie Mae's default notice did not comply with the requirements of the mortgage, and therefore did not satisfy the conditions precedent to filing the action.

At the non-jury trial, Linares moved for an involuntary dismissal on the ground that the default notice failed to comply with paragraph 21 because (1) it did not inform Linares of a "judicial" sale of the property, and (2) it did not state that Linares had the right to raise defenses in a foreclosure proceeding. In response, Fannie Mae argued that the default notice was sufficient because it substantially complied with paragraph 21 of the mortgage. The trial court found that there is no such thing as substantial compliance with a condition precedent and granted the motion for involuntary dismissal.

On appeal, the sole issue is the adequacy of the default notice. We conclude that the trial court erred when it granted the motion because the default notice substantially complied with paragraph 21 of the mortgage. Consequently, the default notice was adequate.

A court must interpret mortgage provisions just as it would interpret provisions of a contract. U.S. Bank Nat'l Ass'n v. Busquets, 135 So. 3d 488, 490

3

(Fla. 2d DCA 2014). In Florida, a party can enforce a contractual agreement so long as that party has substantially complied with all conditions precedent. See Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 13 (Fla. 2d DCA 2015) (a party's adherence to contractual conditions precedent is evaluated for substantial compliance or substantial performance); Allstate Floridian Ins. Co. v. Farmer, 104 So. 3d 1242, 1246 (Fla. 5th DCA 2012) (there must be at least substantial compliance with conditions precedent in order to authorize performance of a contract). A default notice required by a mortgage is sufficient so long as it substantially complies with a mortgage's condition precedent. Bank of N.Y. Mellon v. Nunez, 180 So. 3d 160, 163 (Fla. 3d DCA 2015).

In the present case, the default notice substantially complied with paragraph 21 of the mortgage. Linares argued that the default notice was deficient because it stated that the property would be subject to a foreclosure proceeding rather than a judicial proceeding. However, the default notice adequately informed Linares of the proceeding because in Florida all foreclosures are judicial proceedings. Busquets, 135 So. 3d at 490.

Furthermore, Linares argued that the notice failed to inform him of his right to raise defenses in the foreclosure proceeding, and instead informed him that he has the right to bring a court action to assert any defenses to acceleration, foreclosure, and sale. The default notice adequately informed Linares of his right

4

to raise defenses to the foreclosure as evidenced by the fact that he raised defenses in his answer to the complaint, and successfully obtained an involuntary, although erroneous, dismissal.

For the foregoing reasons, we hold that the default notice substantially complied with paragraph 21 of the mortgage because it adequately informed Linares of the judicial proceeding and his right to raise defenses. Accordingly, we reverse and remand for entry of a judgment in favor of Fannie Mae.

Reversed and remanded with instructions.