NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JPMORGAN CHASE BANK, N.A.,    )
                             )
          Appellant,         )
                             )
v.                           )        Case No. 2D15-3935
                             )
LAYNE D. OSTRANDER and       )
ERICA C. OSTRANDER,          )
                             )
          Appellees.         )
_____)

Opinion filed October 28, 2016.

Appeal from the Circuit Court for Manatee
County; George K. Brown, Jr., Senior Judge.

Nancy M. Wallace of Akerman, LLP,
Tallahassee; William P. Heller of Akerman,
LLP, Fort Lauderdale; and Eric M. Levine
and Adam G. Schwartz of Akerman, LLP,
West Palm Beach, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellees.

VILLANTI, Chief Judge.

        In this mortgage foreclosure action, JPMorgan Chase Bank, N.A., appeals

the trial court's order granting defendants Layne and Erica Ostranders' motion for

summary judgment and dismissing JPMorgan's complaint.  Because the Ostranders'

affidavits were insufficient on their face to establish entitlement to judgment in their favor as a matter of law, we reverse and remand for trial on the merits.

JPMorgan filed its foreclosure complaint against the Ostranders on July 18, 2014, after the Ostranders defaulted on the note by failing to make the December 1, 2011, payment and all subsequent payments. In the complaint, JPMorgan alleged that all conditions precedent to the filing of the action had been performed. The Ostranders moved for summary judgment on April 10, 2015, asserting that JPMorgan failed to comply with conditions precedent, specifically the notice requirements of paragraph 22 of the mortgage and section 559.715, Florida Statutes (2014). Paragraph 22 of the Ostranders' mortgage set forth presuit requirements, including a requirement that JPMorgan give the Ostranders thirty days' notice prior to acceleration:

> [JPMorgan] shall give notice to [the Ostranders] prior to acceleration following [the Ostranders] breach of any covenant or agreement in this Security Instrument. . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [the Ostranders], by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Interest and sale of the property.

(Emphasis added.) Paragraph 15 of the mortgage, which deals exclusively with notice, states "notice shall be deemed to have been given to [the Ostranders] when mailed by first class mail or when actually delivered to [the Ostranders'] notice address if sent by other means." (Emphasis added.)

The Ostranders filed two identical affidavits in support of their motion for summary judgment in which they claimed to have "never received any such notice from [JPMorgan]," and to have "never been given any default or given any notice of any

- 2 -

alleged default on [their] mortgage or an opportunity to cure said default." (Emphasis added.) The Ostranders' affidavits did not address whether JPMorgan mailed notice by first class mail. Nevertheless, the trial court relied on these affidavits to find that JPMorgan did not comply with paragraph 22 and to enter summary judgment against JPMorgan on that basis.

We review a summary judgment de novo. Laurencio v. Deutsche Bank Nat'l Trust Co., 65 So. 3d 1190, 1192 (Fla. 2d DCA 2011). Summary judgment is appropriate when "the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). The moving party bears the burden of proving the absence of any genuine issue of material fact, and the proof must be sufficient to overcome all reasonable inferences drawn in favor of the opposing party. Laurencio, 65 So. 3d at 1192.

Here, the Ostranders' affidavits aver only that they never received the paragraph 22 notice, but they do not address whether JPMorgan mailed the notice. And of course, the Ostranders could not possibly make such an allegation as they lack personal knowledge of JPMorgan's actions. See § 90.604, Fla. Stat. (2014) ("[A] witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding that the witness has personal knowledge of the matter.") Nevertheless, the burden to prove the nonexistence of genuine triable issues is on the moving party, which would require the Ostranders to prove somehow (e.g., potentially via a corporate representative deposition) both that JPMorgan failed to mail notice via first class mail and that if the notice was sent by other means, the notice was not

- 3 -

delivered.  See Roman v. Wells Fargo Bank, 143 So. 3d 489, 490 (Fla. 5th DCA 2014) (holding that when "the express language of the mortgage only required that [the bank] mail notice, not that the [the mortgagor] receive it," an affidavit alleging lack of receipt was insufficient to raise a factual question about notice).  In this case, the Ostranders' affidavits failed to satisfy their burden to prove a lack of notice because they did not address whether JPMorgan fulfilled the notice requirement by sending the notice via first class mail.  Because the affidavits did not address this alternative means of providing notice, they were insufficient on their face to establish entitlement to judgment as a matter of law, and summary judgment was improper.

Because of this result, we need not address JPMorgan's argument that the court erred in denying its motion for rehearing.  We also note that the Ostranders' argument for affirmance based on section 559.715, Florida Statutes (2014), has been specifically rejected by this court.  Deutsche Bank Nat'l Trust Co. v. Hagstrom, 41 Fla. L. Weekly D1671 (Fla. 2d DCA July 20, 2016).  We therefore reverse the order granting summary judgment and the resulting dismissal and remand for a trial on the merits.

Reversed and remanded.

NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.