NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


OCWEN LOAN SERVICING, LLC, )
Successor in Interest to GMAC )
MORTGAGE, LLC, )
)
     Appellant, )
)
v. )    Case No.   2D15-3641
)
EDGAR OSMUNDSEN and DIANA )
OSMUNDSEN, )
)
     Appellees. )
_____)

Opinion filed November 16, 2016.

Appeal from the Circuit Court for Pasco
County; Alicia Polk, Judge.

Kimberly S. Mello and Jonathan S.
Tannen of Greenberg Traurig, P.A.,
Tampa, and Patrick G. Broderick of
Greenberg Traurig, P.A., West Palm
Beach, for Appellant.

Angela Lynn Leiner of The Law Office
of Angela L. Leiner, P.A., St.
Petersburg, for Appellees.


KELLY, Judge.

       Ocwen Loan Servicing, LLC, appeals from the final judgment dissolving

the lis pendens and dismissing the foreclosure action against Edgar and Diana

Osmundsen with prejudice for failure to comply with the notice requirements in paragraph 22 of the mortgage.[1] Because the default letter substantially complied with paragraph 22, we reverse.

Paragraph 22 of the mortgage provides, in pertinent part, as follows:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach. . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding, and sale of the Property.

Paragraph 22 default notices are reviewed for substantial compliance and are sufficient when they advise the borrower of all essential information concerning the borrower's default and the action required to cure it. Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 14-15, 19 (Fla. 2d DCA 2015). The Osmundsens were advised in the letter they received that their loan was in default for failing to make the payment due March 1, 2009, and subsequent payments, and that to cure the default they needed to pay all outstanding amounts within thirty days. Although the letter did not note the address where payment was to be sent, a self-addressed envelope for payment was provided with the letter. This court has held that failure to state the payment address in a default letter is not a material omission. See id. at 19 (holding that an address for payment is not required in the default letter because the address is specified in the

---

[1]The trial court found that the default letter was deficient because the letter (1) was not on letterhead; (2) did not contain the name of the bank or servicer within the body of the letter; (3) did not provide an address for the borrower to send payment; (4) only contained a telephone number for "loan counseling"; and (5) did not have a signature block naming any individual or company.

note).  If the Osmundsens were unsure where to send their payment, the default letter provided a telephone number to call with any questions.  The Osmundsens demonstrated that they had no such doubt, as they had made payments until they defaulted in 2009.

The default letter substantially complied with paragraph 22.  The trial court erred in imposing additional requirements not specified by the contract.  Accordingly, we reverse the order of dismissal and the final judgment in favor of the Osmundsens and remand for further proceedings.

Reversed and remanded.

MORRIS and BLACK, JJ., Concur.