NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

U.S. BANK NATIONAL ASSOCIATION, )
as trustee, on Behalf of the Holders of    )
the Home Equity Asset Trust 2002-4    )
Home Equity Pass-Through Certificates, )
Series 2002-4,                                        )
                                                             )
             Appellant,                              )
                                                             )
v.                                                          )    Case No.  2D15-5307
                                                             )
DONALD A. DOEPKER and MARY C.   )
DOEPKER,                                           )
                                                             )
             Appellees.                             )
_____ )

Opinion filed May 24, 2017.

Appeal from the Circuit Court for Pinellas
County; Anthony Rondolino, Judge.

Allison Morat and Ronnie J. Bitman of
Pearson Bitman, LLP, Maitland, for
Appellant.

Mark P. Stopa of the Stopa Law Firm,
Tampa, for Appellees.


SLEET, Judge.

             U.S. Bank National Association appeals the order granting summary

judgment in favor of Donald and Mary Doepker and dismissing its complaint without

prejudice to file a new lawsuit. The Doepkers challenged the bank's compliance with paragraph 22 of the mortgage by filing a single motion seeking both summary judgment and dismissal of the bank's complaint. The trial court ultimately agreed with the Doepkers' argument that the bank's notice of default was defective and granted the motion to dismiss and entered summary judgment for the Doepkers. This was error.

We review an order granting summary judgment or a motion to dismiss de novo. Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011); Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007). Motions to dismiss and for summary judgment are not interchangeable, and one may not be substituted for another. Holland v. Anheuser Busch, Inc., 643 So. 2d 621, 622–23 (Fla. 2d DCA 1994).

> [C]ounsel must remember that [a motion for summary judgment and a motion to dismiss have] separate purpose[s] under our rules of civil procedure. A motion to dismiss is customarily designed to test the legal sufficiency of a complaint to state a cause of action, not to determine issues of ultimate fact. The function of a motion for summary judgment is to determine if the parties can offer sufficient proof to support the issues framed in their pleadings.

Behnam v. Zadeh, 132 So. 3d 951, 952 (Fla. 1st DCA 2014) (second and third alterations in original) (quoting Holland, 643 So. 2d at 623–24). Because the bank's notice of default substantially complied with paragraph 22 in this case, the Doepkers' motion should not have been granted under either theory of relief.

"Paragraph 22 default notices are reviewed for substantial compliance and are sufficient when they advise the borrower of all essential information concerning the borrower's default and the action required to cure it." Ocwen Loan Servicing, LLC v. Osmundsen, 204 So. 3d 118, 119 (Fla. 2d DCA 2016) (citing Green Tree Servicing, LLC

v. Milam, 177 So. 3d 7, 14–15 (Fla. 2d DCA 2015) ("[W]hen the content of a lender's notice letter is nearly equivalent to or varies in only immaterial respects from what the mortgage requires, the letter substantially complies, and a minor variation from the terms of paragraph twenty-two should not preclude a foreclosure action.")).

Paragraph 22 of the Doepkers' mortgage required that the bank's notice of default specify:

> (a) the default;
> (b) the action required to cure the default;
> (c) a date, not less than 30 days from the date the notice is given to [the Doepkers], by which the default must be cured; and
> (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

The bank's breach letter advised the Doepkers that they were in default and that to cure the default they needed to pay $83,638.47 within thirty days, specifically by February 6, 2014, and that failing to cure would result in acceleration of the debt, foreclosure, and sale of the property. The letter also required that the Doepkers make any "payments which may subsequently accrue[] on or before the [c]ure [d]ate" in addition to the $83,638.47 required to cure the default and provided a phone number that the Doepkers could call "[t]o obtain the amount required to bring the loan current."

The bank's breach letter substantially complied with paragraph 22 of the mortgage. See Diaz v. Wells Fargo Bank, N.A., 189 So. 3d 279, 281 (Fla. 5th DCA 2016) (holding that a breach letter that advised the recipients of the default, the specific amount due including "any payments or other charges that become due under the note and mortgage between the date of the letter and the date of the satisfying payment," and a date to cure substantially complied with paragraph 22); Bank of Am. v. Cadet, 183

So. 3d 477, 478 (Fla. 3d DCA 2016) (holding that a breach letter that notified the recipient of the default, specified an amount due to cure that included "any additional payments, late charges, fees and charges which became due," and provided a deadline for payment substantially complied with the requirements of paragraph 22). Contrary to the Doepkers' arguments on appeal and below, there is no indication that the breach letter required any additional payment not due under the note and mortgage. Moreover, if the Doepkers were unsure of the amount due under the note and mortgage, the letter also provided a telephone number to call with questions. See Osmundsen, 204 So. 3d at 119 (holding that a breach letter that omitted the address where payment was to be sent substantially complied with paragraph 22 when it contained a self-addressed envelope for payment and a telephone number that the recipients could call with questions).

On appeal, the Doepkers challenge the delivery of the breach letter as an alternative theory to support summary judgment in their favor, pointing to their testimony that they never received the bank's notice of default. However, this argument was not raised below and is therefore unpreserved. Furthermore, this court rejected an identical argument raised in JPMorgan Chase Bank, N.A. v. Ostrander, 201 So. 3d 1281, 1283 (Fla. 2d DCA 2016). In Ostrander, we explained that an affidavit alleging that the homeowner never received the notice of default was insufficient to support summary judgment in the homeowner's favor because the mortgage requires only that the bank mail the notice, not that it be received. Id. (citing Roman v. Wells Fargo Bank, 143 So. 3d 489, 490 (Fla. 5th DCA 2014)). Therefore, this argument would not support the order on appeal even if the Doepkers had properly preserved it below.

- 4 -

Because the trial court erred in granting summary judgment and dismissing the bank's complaint when the bank substantially complied with paragraph 22, we reverse the order dismissing the bank's complaint and granting summary judgment in favor of the Doepkers.

Reversed and remanded.

CASANUEVA and SILBERMAN, JJ., Concur.