WALLIS,. J.
Appellant, the Bank of New York Mellon F/K/A the Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA17, Mortgage Pass-Through Certificates, Series 2006-OA17 (the “Trust”) appeals the trial court’s entry of involuntary dismissal in a foreclosure action brought against Donna D.-Johnson (“Appellee”). Finding that the trial court erred'by determining the Trust failed to comply with the mortgage’s pre-foreclosure notice requirements and by excluding various documents obtained from the prior loan servicer, we reverse the entry of involuntary dismissal and remand for a new trial.
On July 24, 2006, Appellee executed a promissory note and accompanying mortgage for $187,000. Appellee defaulted on the mortgage by failing to make payment due August 1, 2009, and all subsequent payments. On May 24, 2010, the Trust filed a complaint to foreclose, and the case proceeded to a non-jury trial on September 12,2014.
At trial, Christine Coffron, an employee of Select . Portfolio Servicing (“SPS”), the loan servicer, testified for the Trust. Cof-fron explained that SPS does not actually originate any loans, “so every loan it services is brought on through the acquisition process. There’s the Loan Acquisition Department and the Onboarding Department that both work, together when we service a loan.” Regarding the process used to verify the accuracy of the loans obtained from prior servicers, Coffron stated:
[W]hen information is transferred over from the prior servicer as a data file, that data file goes through an algorithm to determine the amounts due in owing from origination to the actual date of transfer to verify information as complete and accurate. If there’s something missing,, .there is that period of time which a prior servicer and the new servi-cer can work out discrepancies,
It’s also during that time that the actual hardcopy documents are trans *596 ferred which are reviewed by an actual individual within the Onboarding Department, Any information that is not verified through our quality control check system ... [is] not boarded into the SPS system,
[[Image here]]
It basically goes through their quality control check system, and that consists of about a 650 point check system that each loan clears. If there is any discrepancy, it is noted within the system. If the discrepancy can’t be cleared, it won’t be boarded. That’s generally how it works. 4 ’ *
SPS then offered into evidence various records that it obtained from the prior seiyicer, Bank of America (“BOA”), including a, foreclosure referral document and the loan payment history. Despite Coffron’s testimony, the trial court .sustained Appellee’s hearsay objections, finding that Coffron failed to establish a proper foundation for the records’ admissibility under the business records exception to the hearsay rule. See § 90.803(6), Fla. Stat. (2014). The trial court explained that the business records exception “was based upon a party’s own records, not someone else’s records.”Moreover, the trial court determined that, because Coffron did not work in the boarding department, she lacked the requisite knowledge concerning the boarding process.
Although the trial court excluded the aforementioned records, it admitted a notice of intent to accelerate (“default letter”)' sent by BOA oh November 9, 2009. The default letter provides, in relevant part:
You may, if required by law or your loan documents, have the right to cure the default after the acceleration Of the mortgage payments and prior to the foreclosure sale of -your property if all amounts past due are paid within the time permitted by law. However, BAC Home Loans Servicing, LP and the Noteholder shall be entitled to collect all fees and costs incurred by-BAC Home Loans Servicing, LP and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney’s fees, to full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence, of a default or any other defense you may have to acceleration and foreclosure.
(emphasis-added).
After SPS rested, Appellee moved for an involuntary dismissal, arguing the default letter failed to comply with paragraph 22 of the, mortgage. Paragraph 22 provides, in pertinent part, that the default letter shall specify:
(a) the default, (b) the action required to cure the default, (c) a date, not less than 30 days -from the date the notice is given to Borrower, by which the default must be cured, and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate 'after acceleration and the right to assert in the foreclosure proceeding the non existence of a default or any other defense of Borrower to acceleration and foreclosure.
Appellee argued that, because the default letter stated the borrower would have to file an action to stop foreclosure, rather than raising any defenses in the Trust’s foreclosure case, it did not properly inform Appellee of her rights with respect to foreclosure. The trial court agreed and granted an involuntary dismissal.
*597 We first address the Trust’s argument that the trial court erred by determining the default letter failed to comply with paragraph 22’s pre-foreclosure notice requirements. “A lender cannot foreclose until it has complied with the terms of the mortgage.” Martins v. PNC Bank, Nat’l Ass’n, 170 So.3d 932, 936 (Fla. 5th DCA 2015) (citing DiSalvo v. SunTrust Mortg., Inc., 115 So.3d 438, 439 (Fla. 2d DCA 2013)). “The notice requirements set forth in paragraph 22 of the defendants’ mortgage are conditions precedent to the filing of a foreclosure action against the borrower.” Bank of N.Y. Mellon v. Nunez, 180 So.3d 160, 162 (Fla. 3d DCA 2015) (citing Konsulian v. Busey Bank, N.A., 61 So.3d 1283, 1285 (Fla. 2d DCA 2011)).
“Courts require there to be at least substantial compliance with conditions precedent in order to. authorize performance of a contract.” Allstate Floridian Ins. Co. v. Farmer, 104 So.3d 1242, 1246 (Fla. 5th DCA 2012) (citing Seaside Cmty. Dev. Corp. v. Edwards, 573 So.2d 142, 145 (Fla. 1st DCA 1991)). Moreover, “[a]bsent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract.” Gorel v. Bank of N.Y. Mellon, 165 So.3d 44, 47 (Fla. 5th DCA 2015) (citing Farmer, 104 So.3d at 1248-49). “[W]hen the content of a lender’s, notice letter is nearly equivalent to or varies in only immaterial respects from what the mortgage requires, the letter substantially complies, and a minor variation from the terms of paragraph twenty-two should not preclude a foreclosure action.” Green Tree Servicing, LLC v. Milam, 177 So.3d 7, 14-15 (Fla. 2d DCA 2015), reh’g denied (Oct. 13, 2015).
Here, the default letter sent by BOA substantially complies with paragraph 22 and caused no prejudice to Appellee. Appellee does not contend that the default letter completely omits one or more of the required elements. See, e.g., Samaroo v. Wells Fargo Bank, 137 So.3d 1127, 1129 (Fla. 5th DCA 2014) (finding no substantial compliance with paragraph 22 where the default letter did not “inform the [borrowers] of their right to reinstate after acceleration”). Rather, Appellee argues the default letter in this case would lead to confusion, whereby a borrower “would not appear in the foreclosure case, thinking instead that he had to-file his own lawsuit to assert his defenses.” However, no confusion occurred here; Appellee retained counsel and vigorously defended the foreclosure proceedings, ultimately obtaining an involuntary dismissal. See Milam, 177 So.3d at 19 (“[Paragraph 22] is not a technical- trap designed to forestall a lender from prosecuting, an otherwise proper foreclosure action-because a borrower, after the fact, decides that the letter-might have been better worded.”). Insofar as the default letter varies - from paragraph 22’s requirements, any variation caused no actual prejudice to Appellee. Therefore, we find that the default letter substantially complies with paragraph 22.
We next address the Trust’s argument that the trial court erred by excluding various records obtained from BOA. “A trial court has wide discretion in determining the admissibility of evidence, and, absent an abuse of discretion, the trial court’s ruling on evidentiary matters will not be overturned,” LaMarr v. Lang, 796 So.2d 1208, 1209 (Fla. 5th DCA 2001) (citing Dale v. Ford Motor Co., 409 So.2d 232, 234 (Fla. 1st DCA 1982)). However, “that discretion is limited by the rules of evidence.” Michael v. State, 884 So.2d 83, 84 (Fla. 2d DCA 2004) (citations omitted).
 The business records exception to the hearsay rule allows a party to offer such records into evidence after eliciting testimony from.“a person with knowledge, *598 if kept in -the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such ... record ... unless the sources of information or other circumstances show a lack of trustworthiness.” § 90.803(6)(a), Fla. Stat. “As a general rule, ‘the authenticating witness need not be the person who actually prepared the business records.’” Nationstar Mortg., LLC v. Berdecia, 169 So.3d 209, 213 (Fla. 5th DCA 2015) (quoting Cayea v. Citi-Mortgage, Inc., 138 So.3d 1214, 1217 (Fla. 4th DCA 2014)). “In a perfect world, the foreclosure plaintiff would call an employee of the previous note owner to testify as to the documents. However, this is neither practical nor necessary in every situa-tion....” Id. at 213 (citations omitted). “Mere reliance on these records by a successor business, however, is insufficient to establish admissibility.” Channell v. Deutsche Bank Nat'l Trust Co., 173 So.3d 1017, 1019-20 (Fla. 2d DCA 2015) (citation omitted).
In Bank of New York v. Calloway, 157 So.3d 1064 (Fla. 4th DCA 2015), the Fourth District Court clarified the standard for admitting records obtained from a prior loan servicer. The court explained that “[w]here a business takes custody of another business’s records and. integrates them with its own records, the acquired records are treated as having been ‘made’ by the successor business, such that both records constitute the successor business’s singular ‘business record.’” Id. at 1071 (citing United States v. Adefehinti, 510 F.3d 319, 326 (D.C.Cir.2007)). Relying on Calloway, we held that a current servicer can establish a proper foundation for admission of a prior servicer’s records “so long as all the requirements of the business records exception are satisfied, the witness can testify that the successor business relies upon those records, and the circumstances indicate the records are trustworthy.” Berdecia, 169 So.3d at 216 (citing Le v. U.S. Bank, 165 So.3d 776 (Fla. 5th DCA 2015); Calloway, 157 So.3d at 1074).
Based on the foregoing, we hold that the trial court abused its discretion by excluding business records obtained from the prior servicer. The trial court’s assertion that a business cannot offer business records of a prior servicer does not conform with Calloway and its progeny. In addition, the trial court incorrectly determined that only a boarding department employee could testify regarding the boarding process. See Berdecia, 169 So.3d at 216 (“Although [the witness] did not personally participate in the ‘boarding' process to ensure the accuracy of the records acquired from [prior servicer].... she demonstrated a sufficient familiarity with the ‘boarding' process to testify about it.”). Coffron testified at length regarding the procedures SPS used to verify the accuracy of the records it obtained from BOA. Coffron further testified that SPS kept the records in its regular course of business, by persons with knowledge, and that it was the regular practice of SPS to make and keep those records. Coffron’s testimony established á sufficient foundation for the records’ ''admissibility under section 90.803(6)(a). Therefore, we reverse the entry' of involuntary dismissal and remand for a new trial.
REVERSED and REMANDED for further proceedings consistent with this opinion.,
SAWAYA and EDWARDS, JJ„ concur.