DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICARDO ORTIZ, NURIA ALMEIDA** and **FRANK PADRON,**
Appellants,

v.

**PNC BANK, NATIONAL ASSOCIATION,**
Appellee.

No. 4D15-242

[March 30, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case No. 062012CA025224.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellants.

Ronnie J. Bitman and Kristen M. Rickard of Pearson Bitman LLP, Maitland, for appellee.

FORST, J.

We sua sponte withdraw our opinion issued March 9, 2016, and substitute the following opinion in its place.

In this foreclosure case, Appellants Ricardo Ortiz, Nuria Almeida, and Frank Padron challenge PNC Bank's ("the Bank") standing to bring the foreclosure action and argue that the Bank failed to comply with the conditions precedent in the mortgage such that the foreclosure was improper. We address both of these arguments in this opinion, and ultimately affirm the trial court's final judgment in favor of the Bank.[1]

**Background**

Appellants took out a mortgage and note from a non-party bank, which indorsed the note to a second non-party bank, which in turn indorsed the note in blank. When the Bank foreclosed, the copy of the note attached to the complaint showed these indorsements.

---

[1] We affirm Appellant's remaining arguments without further comment.

Before the Bank foreclosed, it sent a default letter to Appellants. That letter stated, in relevant part, "You . . . have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure." The mortgage's language regarding notification, in Paragraph 22 of the document, required the Bank to inform Appellants of "the right to assert in the foreclosure proceeding the non-existence of a default or any other defense . . . to acceleration and foreclosure."

At trial, the Bank introduced the original note, mortgage, and default letter, among other documents irrelevant on appeal. The Bank also introduced testimony from a witness who was unable to testify whether the Bank had physical possession of the note at the time the complaint was filed. Appellants moved for involuntary dismissal, but the motion was denied. The trial court entered judgment in favor of the Bank, and this appeal ensued.

## Analysis

A. *The Bank established standing sufficient to defeat a motion for involuntary dismissal*

"Whether a party is the proper party with standing to bring an action is a question of law to be reviewed *de novo*." *Westport Recovery Corp. v. Midas*, 954 So. 2d 750, 752 (Fla. 4th DCA 2007). To foreclose, a plaintiff must establish that it had standing at the time it filed the complaint. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "[W]ith bearer notes, *possession of the note* is the significant core element to be analyzed." *Rodriguez v. Wells Fargo Bank, N.A.*, 178 So. 3d 62, 65 (Fla. 4th DCA 2015) (Conner, J., concurring).

Here, the Bank argues the facts that a copy of the note, with a blank indorsement, was attached to the complaint, and that the original note matching the copy was later filed with the court, were sufficient to establish standing to foreclose. In support, the Bank relies upon *Clay County Land Trust v. JPMorgan Chase Bank, National Ass'n*, 152 So. 3d 83 (Fla. 1st DCA 2014), in which the First District held:

> When appellee filed the foreclosure complaint, it attached a copy of the note and an undated allonge to the note containing an endorsement in blank. This was sufficient to establish as a matter of law that appellee had standing to bring the foreclosure action.

2

*Id.* at 85.

We recognize the fact that a copy of a note is attached to a complaint does not conclusively or necessarily prove that the Bank had actual possession of the note at the time the complaint was filed. However, if the Bank later files with the court the original note in the same condition as the copy attached to the complaint, then we agree that the combination of such evidence is sufficient to establish that the Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary.[2]

B. *The Bank substantially complied with Paragraph 22 of the Mortgage*

"[A] trial court's interpretation of a contract is a matter of law subject to a de novo standard of review." *Reilly v. Reilly*, 94 So. 3d 693, 697 (Fla. 4th DCA 2012).

Paragraph 22 of the mortgage contains various conditions precedent with which the Bank was required to comply before it could bring a foreclosure action. The mortgage required the Bank to inform Appellants of "the right to assert in the foreclosure proceeding the non-existence of a default or any other defense . . . to acceleration and foreclosure." The letter the Bank sent instead told Appellants that "You . . . have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure."

As an initial matter, we take this opportunity to clarify that substantial compliance with conditions precedent is all that is required in the foreclosure context. *See Green Tree Servicing, LLC v. Milam*, 177 So. 3d 7, 13-14 (Fla. 2d DCA 2015). Substantial compliance is "that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the [party] the [benefit]." *Casa Linda Tile & Marble Installers, Inc. v. Highlands Place 1981, Ltd.*, 642 So. 3d 766, 768 (Fla. 4th DCA 1994) (quoting *Ocean Ridge Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971)). As such, we join our sister courts in applying a substantial

---

[2] Of course, if the note changes hands during the course of litigation, new indorsements may be present on the note at trial that were not on the copy attached to the complaint. We do not address in this opinion what additional proof is required to demonstrate standing if there is a transfer of holder status after suit is filed.

compliance standard. *See Bank of N.Y. Mellon v. Nunez*, 180 So. 3d 160, 162-63 (Fla. 3d DCA 2015) (noting opinions of the First, Second and Fifth District Courts of Appeal that have determined that "the lender's default notice to borrower must only substantially comply with the conditions precedent set forth in the mortgage").

The purpose of the Paragraph 22 notice is "to ensure that borrowers are informed . . . that they are not required to take a foreclosure complaint lying down and can defend the case if so inclined." *Milam*, 177 So. 3d at 16-17. Instead of clearly notifying Appellants of their right to raise any defenses within an already-commenced foreclosure proceeding, the Bank here informed Appellants that they had to go through extra effort to defend against the foreclosure—they had to bring their own case with the attendant hassles of filing fees, establishing a proper cause of action, and the like. The Bank is by far the more sophisticated party in this relationship. It knew what information it had to provide to Appellants and simply and inexplicably, in light of the frequency with which such default notices are sent using boilerplate language, failed to provide it. As such, the language in the default letter did not strictly conform with the language in Paragraph 22. However, the question is whether it "substantially" complied.

While this appeal was pending before us, the Fifth District Court of Appeal dealt with a case involving a notice letter with similar language. In *Bank of N.Y. Mellon v. Johnson*, 41 Fla. L. Weekly D287 (Fla. 5th DCA Jan. 29, 2016), the notice to the homeowner stated "[y]ou may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure." *Id.* at D288. (emphasis omitted). As in the instant case, the condition precedent in Paragraph 22 of the *Johnson* mortgage required that the bank inform the homeowner of "the right to assert in the foreclosure proceeding the non[-]existence of a default or any other defense . . . to acceleration and foreclosure." *Id.*

At the onset of its analysis of this issue, the Fifth DCA stated that the default letter sent by the bank "substantially complies with paragraph 22 and caused no prejudice to [the homeowner]." *Id.* Later, the court concluded "[i]nsofar as the default letter varies from paragraph 22's requirements, any variation caused no actual prejudice to [the homeowner]. Therefore, we find that the default letter substantially complies with paragraph 22." *Id.*

As such, the Fifth DCA considers not only whether the purportedly faulty language substantially complied with the mortgage, but also

4

whether the language prejudiced the homeowner. *Id.* ("Absent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract." (quoting *Gorel v. Bank of N.Y. Mellon,* 165 So. 3d 44, 47 (Fla. 5th DCA 2015))). However, *Johnson* appears to conflate "substantial compliance" and "prejudice." That is to say, the "insofar" language suggests that the Fifth DCA believes that if there is no prejudice to the homeowner caused by the faulty language, then the notice substantially complies with paragraph 22.

The element of prejudice is not part of the inquiry in another recent opinion issued by one of our other sister courts. In *SunTrust Mortgage, Inc. v. Garcia,* 41 Fla. L. Weekly D384 (Fla. 3d DCA Feb. 10, 2016), a case involving similar language in the notice of default letter, the Third DCA reversed a trial court order granting summary judgment in the borrower's favor on grounds that "the notice provided substantially complies with paragraph 22 of the mortgage." *Id.* at D384.

We adopt the approach of our sister courts and hold that the language at issue in the default letter substantially complies with paragraph 22 of the mortgage. We also note that there is no evidence here that Appellant was prejudiced by the language variation in the default letter. As in *Johnson,* the homeowner in this case "retained counsel and vigorously defended the foreclosure proceedings . . . ." *Johnson,* 41 Fla. L. Weekly at D288. Thus, the Bank's breach letter adequately apprised the Appellants of their right to assert defenses in the foreclosure proceeding.

## Conclusion

The Bank had standing to bring a foreclosure action and substantially complied with the terms of the mortgage default notification provisions. We therefore affirm the trial court's final judgment of foreclosure.

*Affirmed.*

MAY, J., and SCHER, ROSEMARIE, Associate Judge, concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

5