DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SIRINOR MEILLEUR,**
Appellant,

v.

**HSBC BANK USA, N.A.,** as Trustee for the registered holders of Nomura Home Equity Home Loan, Inc. Asset-Backed Certificates, Series 2007-2, Appellee.

No. 4D15-117

[June 8, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case No. CACE 11-003151 11.

Jerome L. Tepps of Jerome L. Tepps, P.A., Sunrise, for appellant.

Diana B. Matson of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Fort Lauderdale, for appellee.

*ON MOTION FOR CLARIFICATION*
*AND*
*MOTION FOR REHEARING EN BANC*

PER CURIAM.

We grant the appellant's motion for clarification by way of a written opinion, deny the motion for rehearing en banc, withdraw our prior per curiam affirmance, and substitute the following opinion in its place.

Sirinor Meilleur appeals a final judgment of foreclosure entered in favor of the appellee, HSBC Bank, following a non-jury trial. Meilleur argues that the final judgment should be reversed because HSBC failed to demonstrate standing and because the court failed to act as a neutral arbiter. We reject both arguments and affirm.

First, we note that the evidence presented by HSBC was sufficient to demonstrate its standing as the note's holder. When HSBC filed its foreclosure complaint against Meilleur, it attached a copy of the note,

bearing an undated indorsement in blank by the original lender. At trial, Meilleur stipulated to the introduction of the original note, and stipulated that it bore the same indorsement in blank as the copy attached to the complaint. This is evidence from which an inference can be made that HSBC "had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary." *Ortiz v. PNC Bank, Nat'l Ass'n*, 41 Fla. L. Weekly D605, *2 (Fla. 4th DCA Mar. 30, 2016).

This inference is not contradicted by testimony that Ocwen Loan Servicing, LLC, possessed the note, as such possession was on HSBC's behalf. HSBC's possession could be inferred from evidence of the loan's assignment to HSBC as the trustee of a particular trust, along with a limited power of attorney by HSBC to Ocwen as the servicer of that trust.

Second, we reject Meilleur's argument that the trial court violated due process by going beyond its role as neutral arbiter. A trial judge who assumes the role of a litigant commits a fundamental error, which may be raised for the first time on appeal. *Padalla v. State*, 895 So. 2d 1251, 1252 (Fla. 2d DCA 2005). However, the conduct cited by Meilleur does not constitute error, much less fundamental error. The trial court did not offer any tips, suggestions, or recommendations, nor did it impermissibly comment on the evidence or suggest strategy to HSBC. The transcript indicates that the court maintained its neutral role throughout.

Accordingly, we affirm the final judgment of foreclosure.

*Affirmed.*

WARNER, CONNER and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***