IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FIFTH
DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BAYVIEW LOAN SERVICING, LLC,

      Appellant,

v.                                  Case No.  5D14-3296

JESSICA LYNN CLAYTON HEEFNER,
ETC., ET AL.,

      Appellees.

_____/

Opinion filed July 29, 2016

Appeal from the Circuit Court
for Orange County,
Emerson R. Thompson, Jr., Senior Judge.

Steven C. Rubino and Matthew A. Ciccio,
of Aldridge Connors, LLP, Delray Beach,
for Appellant.

Peter Ticktin, Kendrick  Almaguer and
Michael S. Wickenhauser, of The
Ticktin Law Group, P.A., Deerfield Beach,
for Appellees, Jessica Lynn Clayton
Heefner a/k/a Jessica Lynn C. Heefner
and Zachery James Heefner.

No Appearance for other Appellees.

BERGER, J.

      Bayview Loan Servicing, LLC ("Bank") appeals the trial court's order involuntarily

dismissing its foreclosure complaint against Jessica Lynn Clayton Heefner and Zachary

James Heefner ("Borrowers") for failure to prove compliance with conditions precedent to foreclosure. Based on Borrowers' concession of error regarding the exclusion of the acceleration letter and payment history on hearsay grounds, and because the acceleration letter substantially complied with paragraph 22 of the mortgage, we reverse.

As Borrowers properly concede, the acceleration letter and payment history should have been admitted under the business records exception to the hearsay rule as explained in Le v. U.S. Bank, 165 So. 3d 776, 778 (Fla. 5th DCA 2015) and Nationstar Mortgage, LLC v. Berdecia, 169 So. 3d 209, 213-16 (Fla. 5th DCA 2015). Nevertheless, they invoke the tipsy coachman doctrine[1] to argue that the trial court's order involuntarily dismissing the case should be affirmed on the basis that the acceleration letter did not comply with paragraph 22 of the mortgage because it did not inform Borrowers of their right to raise defenses to foreclosure in Bank's foreclosure case. Specifically, Borrowers argue that the acceleration letter constituted a material breach of the condition precedent in paragraph 22 of the mortgage because it informed Borrowers they would have to bring an independent proceeding to assert their defenses rather than asserting them in the foreclosure proceeding.

Bank contends that the acceleration letter substantially complied with paragraph 22 of the mortgage and that Borrowers were not prejudiced by the language in the letter because they actively litigated the case and filed affirmative defenses. We agree.

While the notice required by paragraph 22 of the mortgage prior to acceleration constitutes a condition precedent to foreclosure, "[a]bsent some prejudice, the breach of

---

[1] See Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644-45 (Fla. 1999).

a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract." Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 47 (Fla. 5th DCA 2015) (citing Allstate Floridian Ins. Co. v. Farmer, 104 So. 3d 1242, 1248-49 (Fla. 5th DCA 2012)). The standard is whether the party seeking foreclosure has substantially complied with the conditions precedent. See Lopez v. JPMorgan Chase Bank, 187 So. 3d 343,

345 (Fla. 4th DCA 2016); Bank of N.Y. Mellon v. Nunez, 180 So. 3d 160, 162 (Fla. 3d DCA 2015); Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 13 (Fla. 2d DCA 2015). Indeed, "when the content of a lender's notice letter is nearly equivalent to or varies in only immaterial respects from what the mortgage requires, the letter substantially complies, and a minor variation from the terms of paragraph twenty-two should not preclude a foreclosure action." Milam, 177 So. 3d at 14-15. Paragraph 22 of the mortgage "is not a technical trap designed to forestall a lender from prosecuting an otherwise proper foreclosure action because a borrower, after the fact, decides that the letter might have been better worded." Id. at 19.

Language in the acceleration letter informing a borrower of the right to assert defenses and challenge the existence of the default by filing a separate action is not prejudicial when the borrower actually appears and asserts defenses in the foreclosure case. See Ortiz v. PNC Bank, Nat'l Ass'n, 188 So. 3d 923, 926-27 (Fla. 4th DCA 2016) (citing Bank of N.Y. Mellon v. Johnson, 185 So. 3d 594, 597 (Fla. 5th DCA 2016)); Milam, 177 So. 3d at 19. As Bank correctly notes, here, Borrowers retained counsel, appeared in the foreclosure case, filed an answer to the foreclosure complaint with affirmative defenses, and asserted their defenses at trial. Even if we were to find the language to be a material breach, which we decline to do, Borrowers cannot establish prejudice.

Accordingly, we reverse the order of the trial court involuntarily dismissing Bank's foreclosure complaint and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

TORPY and LAMBERT, JJ., concur.