MAY, J.
This foreclosure appeal challenges the trial court’s decisions on ALS-RVC, LLC’s (“bank”) standing and failure to comply with conditions precedent, which resulted in the trial court involuntarily dismissing the bank’s foreclosure action. The bank argues the trial court erred in both decisions. We agree and reverse.
The borrower executed a note and mortgage with American Brokers Conduit (“American Brokers”). A series of assignments of the mortgage took place, three to be exact.[1] In one of the assignments, the bank assigned the note, mortgage, and other loan documents to Maxim Credit Corp. (“Maxim”).
The borrower sent a letter to the then current lender advising that he entered into active military service on March 22, 2009, which affected his ability to make his monthly payments. He also advised that the Servicemembers Civil Relief Act (“SCRA”) set a maximum limit on interest he could be charged. More than a year after completion of his active military service, the borrower defaulted by failing to make his monthly payment.
On November 14, 2012, the bank filed a foreclosure action against the borrower. It alleged that it was entitled to enforce the note, pursuant to section 673.3011(1), Florida Statutes. It alleged compliance with all conditions precedent to note acceleration and mortgage foreclosure. And, it alleged that Maxim’s interest was subordinate to its own.
The bank attached a copy of the note and mortgage to its complaint. The copy contained a blank endorsement from American Brokers. The interest rate on the note was originally 7.75%. A note addendum made the interest rate adjustable.
The borrower filed an amended answer and affirmative defenses, including lack of standing and failure to comply with conditions precedent (paragraphs 15 and 22 of the mortgage). The bank later filed the original mortgage and note, which was identical to the copy of the note attached to the complaint.
The case proceeded to a non-jury trial. The parties stipulated to the original note and mortgage and the trial court admitted them. A loan representative for the bank testified: “I was actually in possession of the original note and mortgage prior to the filing of the lawsuit. Before the suit was filed "I provided the original documents to my attorney.”
The loan representative then testified that he referred the loan to foreclosure because it was in default. The trial court admitted the payment history and default notices. He testified that the bank is the note owner. He then testified to the principal balance and total amount due, with interest being the difference between the two.
On cross-examination, the trial court admitted by stipulation a letter from the borrower noting that he was on active duty from March 2009 until March 2010. During the borrower’s case, the trial court admitted the three assignments of mortgage.
The borrower moved for involuntary dismissal. He argued there was no evidence the default notice was mailed and the cure amount was incorrect, and asked the court *690 to reconsider some of its evidentiary rulings. He also argued the.bank’s failure to reduce the interest during his active duty violated the law. And, he argued the assignments of mortgage were inconsistent and the assignment from the bank to Maxim irrevocably assigned the note and mortgage prior to the foreclosure action.
The bank responded that it possessed the blank endorsed original note, attached a copy of the identical note to the complaint, and proved its holder status. The bank suggested that even if it unlawfully obtained the note, it was still entitled to enforce it because of the blank endorsement. The bank then argued the borrower failed to prove he would have paid the mortgage had the default notice correctly stated the amount owed. Finally, the bank argued that even if it erred in applying the correct interest rate, it still proved its case and the final judgment should be entered for a lesser amount.
The trial court entered an order involuntarily dismissing the bank’s foreclosure action. It held the bank “failed to prove standing and further failed to prove compliance with all conditions precedent.” The court explained:
Here, the record evidence is insufficient to demonstrate [the bank] had standing to foreclose the mortgage at the time the complaint was filed. The original note contains a blank endorsement. However, there exist multiple assignments assigning the subject note and mortgage to other entities....
Additionally, it has been established •that [the borrower] was on active duty in the military. [The borrower] had made' the holder of the note and mortgage aware of his military status.... [The bank] failed to show compliance with the Service Member’s Relief Act (SMRA), Specifically the breach letters ... do not reflect any reduction in the interest rate when [the borrower], was on active military status.... Again,, the payment history does not reflect any reduction in the interest rate as required by the SMRA.
[T]his Court finds the evidence insufficient to demonstrate [the bank] had standing to foreclose the mortgage at the time the complaint was filed and further that [the bank] complied with all conditions precedent.
The bank moved for rehearing, which the trial court denied. The bank now appeals.
The bank argues the evidence showed it had physical possession of the original note and mortgage before it filed the complaint, and both the original note and the copy attached to the complaint contained a blank endorsement. The borrower responds that it introduced an assignment, showing the bank transferred its rights and interest to Maxim before filing the- complaint. The mortgage does not follow the note when parties express their intent to the contrary, as happened here. Thus, even if the bank was the holder, it cannot foreclose on the mortgage unless one of the contractual conditions was met.
We review the legal issue of whether a party has standing to bring an action de novo. Dixon v. Express Equity Lending Grp., LLLP, 125 So.3d 965, 967 (Fla. 4th DCA 2013). We also have de novo review of involuntary dismissals. Deutsche Bank Nat’l Tr. Co. v. Huber, 137 So.3d 562, 563 (Fla. 4th DCA 2014) (citation omitted).
It goes without saying at this point in foreclosure proceedings, “the party seeking foreclosure must demonstrate that it has standing to foreclose” when the complaint is filed. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). “A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had *691 standing as of the time the foreclosure complaint was filed.” Kiefert v. Nationstar Mortg., LLC, 153 So.3d 351, 352 (Fla. 1st DCA 2014).
Our decision in Ortiz v. PNC Bank, National Ass’n, 188 So.3d 923 (Fla. 4th DCA 2016), is instructive on the standing issue. There, we held that if a bank admits the original note, either endorsed to the bank or containing a blank endorsement, in the same condition as the copy it attached to the complaint, the evidence is sufficient to establish standing at the time the complaint is filed absent evidence to the contrary. Id. at 924-25.
Here, the bank attached a copy of the blank endorsed note when it filed the complaint. At trial, the bank introduced the identical original blank endorsed note. And, the bank’s loan representative testified that he personally delivered the original note to the bank’s counsel prior to filing the complaint. Notwithstanding the confusing assignments, this evidence established the bank’s standing. The trial court erred in granting the borrower’s motion for involuntary dismissal.
Nevertheless, the borrower argues the three assignments of mortgage, one of which assigned the note and mortgage to Maxim, show the bank lacked standing. This argument is without merit. Even though the bank assigned the note and mortgage to Maxim, the bank met the holder requirements under section 673.3011(1), Florida Statutes. “A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.” § 673.3011, Fla. Stat. (2015).
In its second issue, the bank argues that while the borrower may be entitled to a reduction in interest rate under the SCRA, that reduction is not a condition precedent and does not affect its ability to foreclose. The borrower responds that when the bank sent the default notice, it contained the wrong interest rate and was prevented from accelerating the note due to its failure to comply with the SCRA. He argues the failure to comply with the SCRA is a failure to comply with a condition precedent.
“[W]here a trial court’s conclusions following a non-jury trial are based upon legal error, the standard of review is de novo.” Acoustic Innovations, Inc. v. Schafer, 976 So.2d 1139, 1143 (Fla. 4th DCA 2008) (citation omitted). “When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence.” Id.
We reject the borrower’s responses for three reasons. First, section 3937 of Title 50 provides for a reduction in the interest rate to six percent if the borrower is a servicemember (or servicemember’s spouse jointly) during the period of military service (and for one year following) and forgiveness of interest in excess of that amount. 50 U.S.C. § 3937(a)(l)-(2) It also prevents acceleration of the principal. 50 U.S.C. § 3937(a)(3). It requires notice to the creditor. 50 U.S.C. § 3937(b)(1). It also provides creditor relief under specified circumstances and penalties.' 50 U.S.C. § 3937(c), (e). It does not, however, expressly make compliance with section 3937 a condition precedent to filing a foreclosure action. See 50 U.S.C. § 3937.
Second, the borrower failed to allege the bank’s noncompliance with the SCRA as an affirmative defense. The borrower asserted affirmative defenses' of failure to comply with conditions precedent in paragraphs 15 and 22 of the mortgage, but did not assert the bank’s failure to comply with the SCRA as a condition precedent as an affirmative defense.
And third, the borrower suggests that the default notice failed to substantially comply with paragraph 22 of the mortgage *692 because it did not state an accurate amount due. The inaccuracy resulted from the bank’s failure to reduce the interest rate charged while the borrower was on active duty and within the SCRA time limits. He also argues he would not be in default if the bank applied the forgiven interest to monthly payments over the preceding twenty-three months.[2] We disagree.
“[Substantial compliance with conditions precedent is all that is required in the foreclosure context. Substantial compliance is ‘that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the [party] the [benefit].’ ” Ortiz, 188 So.3d at 925 (second and third alterations in original) (internal citation omitted).
The default notice notified the borrower that he was in default for failure to pay the required monthly installment, and his failure to pay would result in acceleration. The default notice provided the borrower with notice of the consequences given his default, along with the other paragraph 22 requirements'.' In short, it provided substantial compliance.
We reverse and remand the case for reinstatement of the foreclosure action. The trial court shall make findings on damages, taking into consideration the 6% interest rate under the SCRA for the applicable time period.

Reversed and Remanded.

GROSS and KLINGENSMITH, JJ., concur.

. The history of assignments and entities involved with this loan is convoluted and no doubt led the trial court to its decision. We have purposefully not included this history as it adds nothing to the decision. We also note tee trial court did not have tee benefit of Ortiz v. PNC Bank, National Ass’n, 188 So.3d 923, 924-25 (Fla. 4th DCA 2016), when it ruled on this case.

. The Borrower failed to raise this specific argument or present any evidence in support of it at trial.