PER CURIAM.
The trial court granted an involuntary dismissal after the bank closed its case-in-chief at a trial on a mortgage foreclosure. We reverse.
“An involuntary dismissal is properly entered only where the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case for which relief may be granted.” Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010) (internal citation omitted).
An employee of the servicer testified that the copy of the note admitted at trial, which contained an allonge with a blank indorsement, matched the true and correct copy contained in the servicer’s business records. The servicer had begun servicing the loan prior to the filing of'the complaint and another- witness testified that the servicer had sent the original note to a law firm in 2006. It was undisputed that the GSAMP Trust 2006-HE3 owned the loan and that U.S. Bank had succeeded Bank of America as the trustee of the trust. After the substitution of parties, U.S. Bank stood in the shoes of the original plaintiff, Bank of America. Possession of a note by a third party agent such as a servicer or law firm, gives the “owner” of the note constructive possession sufficient to establish standing as the note’s holder. See Caraccia v. U.S. Bank, Nat’l Ass’n, 185 So.3d 1277, 1279 (Fla. 4th DCA 2016).
U.S. Bank met the statutory requirements of re-establishing the lost note. Section 673.3091(l)(a)-(c), Florida Statutes (2014) provides:
(1) A person not in possession of an instrument is -entitled to enforce the instrument if:
(a) The person seeking to, enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession oc- • curred;
(b) The loss of possession was not the result of a transfer by the'person or a lawful seizure;' and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
A party seeking enforcement under subsection (1) must prove the terms of the note and the party’s right to enforce it. § 673.3091(2).
At trial, U.S. Bank met the requirements of the UCC. The bank’s witness testified that Novelle, the loan’s originator, assigned the note and mortgage to LaSalle Bank, as trustee for the trust. It was uncontested that LaSalle merged with Bank of America, and “substantially all” of its trust administration business was taken over by U.S. Bank. The , originals of the note and blank-indorsed allonge were sent to a law firm in 2006, prior to the filing of the original complaint. The witness had searched for the original note in the law firm’s vault and mortgage room, verified *494 that the original had not been filed with the court, and instituted a custodial search with the employees of the firm, but the note could not be located. The bank’s witness testified that the note was not lost due to a transfer by LaSalle or a lawful seizure and that the bank was willing to indemnify anyone if a third-party were to attempt to enforce the note.
We do not consider the application, if any, of section 702.11, Florida Statutes (2014), because the homeowners failed to raise this argument as part of their motion for involuntary dismissal, so it was waived.
Finally, the acceleration letter substantially complied with the requirements of the mortgage. See Ortiz v. PNC Bank, Nat’l Ass’n, 188 So.3d 923, 925 (Fla. 4th DCA 2016) (finding “that substantial compliance with conditions precedent is all that is required in the foreclosure context.”).

Reversed and remanded for a new trial

CIKLIN, C.J., GROSS and TAYLOR, JJ., concur.