The BANK OF NEW YORK MELLON f/k/a The Bank of New York, As Trustee For The Certificateholders of the CWABS, Inc., Asset–Backed Certificates, Series 2006–20, Appellant,

v.

Jose MILFORD, Karla Hernandez, Unknown Tenant in Possession 1 and Unknown Tenant in Possession 2, Appellees.

No. 4D15–4813

District Court of Appeal of Florida, Fourth District.

December 7, 2016

Charles P. Gufford of McCalla Raymer, LLC, Orlando, for appellant.

John J. Shahady of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, and Edward M. Shahady of Edward M. Shahady, P.A., Fort Lauderdale, for Appellee Jose Milford.

Per Curiam.

We reverse the order of involuntary dismissal in this mortgage foreclosure case, because the trial court erred in concluding that the bank lacked standing to foreclose.

Since entry of the trial court's order, we have clarified the law in this district regarding standing in mortgage foreclosure cases where a plaintiff attaches a copy of the note to the complaint. In *Ortiz v. PNC Bank, National Ass'n*, 188 So.3d 923 (Fla. 4th DCA 2016), we stated that attaching a copy of the note to the complaint, coupled with presenting the original note in the same condition later at trial, creates an inference that the plaintiff was in actual possession of the note at the time the complaint was filed. *Id.* at 925. Absent any evidence to the contrary, this is sufficient to establish standing. *Id.*

Here, the bank filed a copy of the note indorsed in blank with its complaint. Later at trial, through the testimony of the cus-

---

todian of records for the loan servicer, the bank entered the original note into evidence. This created an inference that the bank was in possession of the note at the time it filed its complaint. Without any evidence to the contrary, this was sufficient to establish standing. *See also Meilleur v. HSBC Bank USA, N.A.*, 194 So.3d 512, 513 (Fla. 4th DCA 2016).

Because the parties agree that, but for the standing issue, the bank was entitled to judgment, we reverse the trial court's order of involuntary dismissal and remand with instructions to enter a judgment of foreclosure in favor of the bank.

*Reversed.*

Taylor, Damoorgian, and Conner, JJ., concur.