Conner, J.
Appellant, Deutsche Bank National Trust Company, Solely as Trustee for Har-borview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-6 (“the Bank”), appeals the order granting an involuntary dismissal at trial and the order denying its motion for rehearing and new trial. The Bank argues that the trial court erred in determining that it did not have standing to file suit and in sustaining objections to various business records it attempted to introduce at trial. Appellees, Adrian M. Applewhite and Anika O. Johnson (“the Homeowners”), concede error on the trial court’s refusal to admit business records, but argue that the involuntary dismissal for lack of standing was correct. However, because the trial court did not have the benefit of our decision in Ortiz v. PNC Bank, National Ass’n, 188 So.3d 923 (Fla. 4th DCA 2016), the trial court unfortunately erred in granting an involuntary dismissal. Thus, we reverse and remand for further proceedings.

Factual Background and Trial Court Proceedings

The Bank filed its foreclosure complaint against the Homeowners, alleging that it held the note and mortgage and that it had acquired the loan prior to the filing of the complaint. The complaint was verified by an authorized officer of GMAC Mortgage LLC, as servicer and attorney-in-fact for the Bank. Attached to the complaint was a copy of the note, which reflected that the original lender was Novastar Mortgage, Inc., and which also contained a blank indorsement from Novastar.
The Homeowners filed their amended answer raising standing as an affirmative .defense.
The matter proceeded to a nonjury trial. The Bank’s trial witness was a senior loan analyst employed by the current servicer of the loan, Ocwen Loan Servicing. The witness testified that Ocwen acquired the prior servicer, GMAC, after the complaint was filed in this case and that GMAC’s servicing platform was fully integrated into Ocwen’s system. She also testified to the boarding process that took place on the subject loan. The witness testified that, having boarded the subject loan and found the loan documents to be accurate, Ocwen *950 was now using those documents in its day-to-day operations.
With respect to the original note, the witness testified that it contained a blank indorsement from the original lender and confirmed that it was identical to the copy of the note attached to the complaint. The original note was admitted into evidence without objection.
Throughout the trial, the trial court seemed confused as to GMAC’s role in the subject case. Despite the fact that it was the Bank that filed suit on its own behalf, the trial court seemed concerned that there was no document reflecting GMAC’s authority to file the suit. However, GMAC did not file the suit as the plaintiff, but instead, merely verified the complaint as the servicer and attorney-in-fact.
After the Bank rested, defense counsel moved for an involuntary dismissal, arguing that standing had not been proven. The Bank’s counsel argued that standing had indeed been proven where a copy of the note with the blank indorsement from the original lender had been attached to the complaint, and the original note, which was identical to that copy, had been filed with the court. Counsel added that there had been no evidence to the contrary.
Nevertheless, the trial court granted the Homeowners’ motion for involuntary dismissal and entered a final judgment in their favor. The trial court noted that it did not think there was evidence with regard to the authority of GMAC to act as the attorney-in-fact. The trial court denied the Bank’s motion for rehearing and new trial, noting again that it had failed to present evidence of GMAC’s authority to act as attorney-in-fact at the time of the filing of the complaint. Subsequently, the Bank gave notice of appeal.

Appellate Analysis

Our review of an involuntary dismissal after the presentation of the plaintiffs case during trial is de novo, Deutsche Bank Nat’l Tr. Co. v. Huber, 137 So.3d 562, 563 (Fla. 4th DCA 2014).
When an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm an involuntary dismissal only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party.
Id. at 563-64 (quoting Deutsche Bank Nat’l Tr. Co. v. Clarke, 87 So.3d 58, 60 (Fla. 4th DCA 2012)). A trial court’s determination of whether a party has standing is reviewed de novo. GMAC Mortg., LLC v. Choengkroy, 98 So.3d 781, 781 (Fla. 4th DCA 2012).
The Bank argues that the trial court erred in granting the Homeowners’ motion for involuntary dismissal on the basis that the Bank had not established standing where it had failed to present evidence of GMAC’s authority to act as attorney-in-fact to file the suit.
It is well established that standing of the plaintiff to foreclose on a mortgage must be established at the time the plaintiff files suit. See McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012); Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195, 1196 (Fla. 4th DCA 2012). Under the Florida statutory law, the person or entity entitled to enforce the note must be either: (1) the holder of the note; (2) a nonholder in possession of the note who has the rights of a holder; or (3) a person or entity who is not in possession of the note because the note has been lost or was mistakenly surrendered or canceled as paid, but who otherwise would have the status of a holder. § 673.3011, Fla. Stat. (2015).
In this case, the Bank filed its complaint alleging its status as the holder of the *951 note, having acquired the loan prior to filing the complaint. Attached to the complaint was a copy of the note with a blank indorsement, making it payable to the bearer. A “holder” is defined as: “[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.” § 671.201(21), Fla. Stat. (2015) (emphasis added). There is no dispute that the original note, which was admitted into evidence at trial, was identical to the copy attached to the complaint.
The Bank correctly argued at trial there was sufficient evidence to show it had standing to bring the foreclosure suit where no evidence was presented to the contrary. As we recently explained in Ortiz, when a copy of the blank indorsed note is attached to the complaint,
if the Bank later files with the court the original note in the same condition as the copy attached to the complaint, then we agree that the combination of such evidence is sufficient to establish that the Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary.
Ortiz, 188 So.3d at 925; see also Harvey v. Deutsche Bank Nat’l Tr. Co., 69 So.3d 300, 304 (Fla. 4th DCA 2011) (holding that the plaintiff, alleged assignee, of mortgage note had standing to bring foreclosure action as holder of the note, regardless of any recorded assignments, where the note at issue was indorsed in blank, and plaintiff possessed the original note and filed it with the circuit court); Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010) (finding the blank indorsement made the note “payable to bearer” and allowed the note to be “negotiated by transfer of possession alone”). In this case, as the Bank argued at trial, there was no evidence presented below reflecting that the Bank lacked possession of the note at the time it filed the suit.
Additionally, to the extent the trial court based the involuntary dismissal on a lack of evidence as to GMAC’s standing, such was improper. GMAC was the servi-cer at the time the complaint was filed. However, despite being advised of GMAC’s status as the prior servicer, throughout the trial, the trial court seemed confused as to GMAC’s role in this case. Although it was the Bank that filed the complaint on its own behalf, the trial court seemed concerned that there was no document reflecting GMAC’s authority to file the suit. However, GMAC merely verified the complaint as the servicer and attorney-in-fact. Therefore, the Bank was not required to demonstrate GMAC’s authority to file the suit.
A loan servicing agent is a proper representative to possess a mortgage note on behalf of the plaintiff, such that the plaintiff remains in constructive possession of the note as the holder sufficient to establish standing. U.S. Bank, Nat’l Ass’n v. Angeloni, 199 So.3d 492, 493 (Fla. 4th DCA2016) (citing Caraccia v. U.S. Bank, Nat’l Ass’n, 185 So.3d 1277, 1279 (Fla. 4th DCA 2016)) (“Possession of a note by a third party agent such as a servicer or law firm, gives the ‘owner’ of the note constructive possession sufficient to establish standing as the note’s holder.”). Therefore, if the trial court dismissed the case because it was concerned that GMAC may have physically possessed the note at the time suit was filed, rather than the Bank, the concern did not justify an involuntary dismissal. Ortiz, 188 So.3d at 925; Meilleur v. HSBC Bank USA, N.A., 194 So.3d 512, 513 (Fla. 4th DCA 2016) (holding that the Ortiz inference of possession is not contradicted by evidence that the servicer possessed the note at the time suit was filed); Bank of N.Y. Mellon v. Milford, 206 *952 So.3d 137, 137-38 (Fla. 4th DCA 2016) (finding the introduction of original blank note into evidence through the testimony of the loan servicer, a copy of which was attached to the complaint, was sufficient evidence to establish the Ortiz inference of possession).
Finally, although the Homeowners attempt to justify the trial court’s dismissal on the argument that the pooling and servicing agreement was not entered into evidence, the argument is without merit. Contrary to the Homeowners’ assertion, there was no requirement in this case, based on Ortiz, that the pooling and servicing agreement be admitted into evidence to prove standing.
We reverse the involuntary dismissal at trial and remand for further proceedings.

Reversed and remanded.

Taylor and Forst, JJ., concur.