IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANK OF NEW YORK MELLON F/K/A
BANK OF NEW YORK SUCCESSOR
TRUSTEE TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE FOR
THE STRUCTURED ASSET
MORTGAGE INVESTMENTS II
TRUST, ETC.,

      Appellant,

 v.

Case No.  5D15-4248

DONALD L. VESSELS, JR., KAREN D.
VESSELS AND CATALINA ISLES/
SKYLARK HOMEOWNERS
ASSOCIATION, INC.,

      Appellees.

_____/

Opinion filed April 13, 2017

Appeal from the Circuit Court
for Brevard County,
Charles G. Crawford, Judge.

Nancy M. Wallace, of Akerman LLP,
Tallahassee, William P. Heller, of Akerman
LLP, Fort Lauderdale, and Eric M. Levine ,
of Akerman LLP, West Palm Beach, for
Appellant.

No Appearance for Appellees.

EVANDER, J.

The Bank of New York Mellon f/k/a The Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust Mortgage Pass-Through Certificates, Series 2006-AR3 ["the Bank"], appeals the final judgment of foreclosure entered in its favor, and against Donald and Karen Vessels, with regard to the calculation of damages. The Bank contends that the trial court erred in denying, on hearsay grounds, the admission of loan payment history records of prior servicers of the mortgage. As a result of this evidentiary ruling, the Bank submits that the trial court's determination of the damages award was also erroneous. We reverse and remand for a new trial solely on the issue of damages.

This court has previously held that loan payment histories of prior mortgage servicers are admissible under the business records hearsay exception[1] where they are relied upon by a successor servicer who establishes that it adequately verified the accuracy of the payment histories and that its verification procedures demonstrate that the records are trustworthy. *See, e.g.*, *Bank of N.Y. Mellon v. Johnson*, 185 So. 3d 594, 598 (Fla. 5th DCA 2016); *Nationstar Mortg., LLC v. Berdecia*, 169 So. 3d 209, 213-215 (Fla. 5th DCA 2015); *Le v. U.S. Bank*, 165 So. 3d 776, 778 (Fla. 5th DCA 2015).

Here, the Bank presented detailed testimony of the "on-boarding" process utilized by the current servicer in verifying the information received from prior servicers. The testimony was sufficient to meet the predicate necessary for admission of the prior

---

[1] § 90.803(6), Fla. Stat. (2014).

2

servicers' loan payment histories.  Accordingly, we conclude that the trial court abused its discretion in excluding these records.  *See Johnson*, 185 So. 3d at 598; *Berdecia*, 169 So. 3d at 216.

REVERSED and REMANDED for new trial on the issue of damages consistent with this opinion.

BERGER and EDWARDS, JJ., concur.