IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JERRY D. ROBBINS AND LORI H.
ROBBINS,

        Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST,
ETC., ET AL.

        Appellees.

_____/

Case No.  5D15-3789

Opinion filed March 29, 2018

Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

Jerry D. Robbins and Lori H. Robbins,
Windermere, pro se.

Elliot B. Kula, W. Aaron Daniel, and William
D. Mueller, of Kula & Associates, P.A.,
Miami, for Appellee Deutsche Bank
National Trust, etc.

No Appearance for Remaining Appellees.


PER CURIAM.

      AFFIRMED.  *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150,

1152 (Fla. 1979) (holding that lack of a transcript is fatal to arguments on appeal which

are based on the evidence at trial); *Taylor v. Bateman*, 927 So. 2d 1024, 1026 (Fla. 4th

DCA 2006) ("The piecemeal transcripts deprived this court of the ability to review the record as a whole. Such record omissions are fatal to an appeal."); *see also Bank of N.Y. Mellon v. Milford*, 206 So. 3d 137, 137–38 (Fla. 4th DCA 2016) ("Here, the bank filed a copy of the note indorsed in blank with its complaint. Later at trial, through the testimony of the custodian of records for the loan servicer, the bank entered the original note into evidence. This created an inference that the bank was in possession of the note at the time it filed its complaint. Without any evidence to the contrary, this was sufficient to establish standing." (citing *Ortiz v. PNC Bank, Nat'l Ass'n*, 188 So. 3d 923, 925 (Fla. 4th DCA 2016))); *Labor Ready Se. Inc. v. Australian Warehouses Condo. Ass'n*, 962 So. 2d 1053, 1055–56 (Fla. 4th DCA 2007) ("[R]eversal is not required in every case where there has not been strict compliance with rule 1.440. Rather, depending upon the circumstances, the mandatory provision of the rule may be waived." (alteration in original) (citation omitted)).

PALMER, TORPY AND EISNAUGLE, JJ., concur.