DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL J. SHAMY,** as personal representative of the
**ESTATE OF JOSEPH E. SHAMY**,
Appellant,

v.

**SHOVEL READY PROJECTS, LLC,** a Florida limited liability company,
Appellee.

No. 4D2024-2411

[March 25, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 062017CA010295AXXXCE.

Peter Ronai Goldman of Nelson Mullins Riley & Scarborough LLP, Fort Lauderdale, and Beverly A. Pohl of Nelson Mullins Riley & Scarborough LLP, Boca Raton, for appellant.

Michael Jay Ferrin of Ferrin Law, Fernandina Beach, for appellee.

SHEPHERD, J.

This is an appeal from a final judgment entered in favor of appellee Shovel Ready Projects, LLC ("Shovel Ready"), on one count of breach of contract and one count of unjust enrichment. We reverse the trial court's entry of final judgment on the unjust enrichment count; affirm the trial court's ruling for Shovel Ready on the breach of contract count; and remand for the entry of a new final judgment on the breach of contract count, including a determination of the amount of damages to award.

## Background

The parties' relationship has a much longer history than is developed here, but for the purposes of our ruling we begin in 2011. In 2011, Joseph Shamy, now deceased, entered into a settlement agreement related to a land development project with Avantissimo, LLC ("Avantissimo") and Pointgreene Construction & Consulting, Inc. ("Pointgreene"). In 2017, Shovel Ready, asserting it was the assignee of Avantissimo's and

Pointgreene's interests in the settlement agreement, filed a complaint against Joseph Shamy for breach of the settlement agreement. Shovel Ready later amended its complaint to add counts for rescission and unjust enrichment. The breach of contract count and unjust enrichment count arose out of the same factual allegations – that as part of the settlement agreement, Avantissimo and Pointgreene liquidated their membership interests in Trophy Properties, LLC ("Trophy"), a company of which Joseph Shamy was the managing member and majority owner, in exchange for Joseph Shamy's promise to deliver deeds to lots owned by Trophy to Avantissimo and Pointgreene. Shovel Ready sought compensatory damages in both counts for Joseph Shamy's failure to deliver the deeds as agreed to in the settlement agreement.

Shovel Ready later withdrew the rescission count, and the trial court held a non-jury trial on the breach of contract and unjust enrichment counts. At the trial's conclusion, the trial court directed the parties to submit proposed findings of fact and conclusions of law in lieu of closing arguments.

Approximately two months after the non-jury trial concluded, an email in the record indicates that the trial court's judicial assistant contacted counsel for Shovel Ready, informed Shovel Ready's counsel that the trial court would rule in Shovel Ready's favor, and requested that Shovel Ready's counsel prepare a proposed final judgment. Shovel Ready communicated to the trial court its election of remedy under unjust enrichment. After Shovel Ready submitted its proposed final judgment, the trial court entered final judgment in Shovel Ready's favor, stating:

> That the Court rules in favor of the Plaintiff, SHOVEL READY PROJECTS, LLC and against the Defendant, DANIEL SHAMY as Personal Representative of the ESTATE OF JOSEPH E. SHAMY on Counts I and III of the Amended Complaint for the reasons stated in the Proposed Findings of Fact and Conclusions of Law submitted by Plaintiff's counsel. As a recovery on both Counts would be mutually exclusive, the Court has requested that Plaintiff elect its remedy. The Plaintiff has elected the remedy of Unjust Enrichment as requested in Count III.

On appeal, Daniel Shamy, as personal representative of the estate of Joseph Shamy ("the Estate"), challenges the final judgment, raising four issues, including that: (1) the trial court erred in entering judgment for Shovel Ready on the unjust enrichment count; (2) the trial court incorrectly calculated damages; (3) the trial court failed to exercise

2

independent decision-making when it adopted verbatim the proposed final judgment submitted by Shovel Ready; and (4) Shovel Ready lacked standing to sue as an assignee of Avantissimo and Pointgreene.

**Discussion**

We review de novo the trial court's ruling in Shovel Ready's favor on the unjust enrichment count.  *See ALS-RVC, LLC v. Garvin*, 201 So. 3d 687, 691 (Fla. 4th DCA 2016) (quoting *Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008)) ("[W]here a trial court's conclusions following a non-jury trial are based upon legal error, the standard of review is de novo.").

The trial court erred in awarding recovery to Shovel Ready on the unjust enrichment count.  A party cannot pursue an implied contract theory, such as unjust enrichment, if an express contract exists concerning the same subject matter.  *See Fulton v. Brancato*, 189 So. 3d 967, 969 (Fla. 4th DCA 2016) (quoting *Ocean Commc'ns, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007)) ("[A] plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists."); *Scott v. Acuity Real Est. Servs., LLC*, 359 So. 3d 881 (Fla. 2d DCA 2023) ("Because [appellee] proved the existence of a contract with [appellant] for the fee, we reverse to the extent the trial court also found [appellant] liable on an unjust-enrichment theory."); *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008) ("Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.").

While we considered the Estate's argument that Shovel Ready's election was binding, we do not reach the merits of the election of remedies issue because without the trial court's error, no election is required.

In ruling in Shovel Ready's favor on the breach of contract count, the trial court found that an express contract existed.  *See Rauch, Weaver, Norfleet, Kurtz & Co., Inc. v. AJP Pine Island Warehouses, Inc.*, 313 So. 3d 625, 630 (Fla. 4th DCA 2021) ("The three elements of a breach-of-contract action are: (1) a valid contract; (2) a material breach; and (3) damages."). The trial court did not find that the settlement agreement concerned a different subject matter than the unjust enrichment count and the evidence admitted at trial would not support such a finding.  By ruling that recovery on the breach of contract count and unjust enrichment count would be mutually exclusive, the trial court recognized that the counts concerned the same subject matter.  Therefore, it was error to enter

judgment in Shovel Ready's favor on both counts, and judgment for Shovel Ready on the unjust enrichment count must be reversed. Because the trial court did not award damages for breach of contract, we remand for the trial court to determine damages.

Further, because Shamy was not a party to the assignments, the Estate cannot challenge Shovel Ready's standing. *See Bank of N.Y. Mellon v. Lopez*, 408 So. 3d 773, 775-76 (Fla. 4th DCA 2025) (holding that non-parties to endorsements lacked standing to challenge the endorsements' validity); *see also Citibank, N.A. v. Olsak*, 208 So. 3d 227, 230 (Fla. 3d DCA 2016) ("Florida courts have repeatedly held that borrowers cannot defeat a foreclosure plaintiff's standing by relying upon trust documents to which the borrower is not a party.").

We remand for the trial court to enter a new judgment for Shovel Ready on breach of contract only, to calculate damages on that count, and to make its own findings of fact and conclusions of law without wholesale adoption of either party's proposed judgment. "A trial court's adoption of a proposed order verbatim constitutes reversible error where it appears the court did not exercise independent decision-making." *King v. King*, 363 So. 3d 1099, 1100 (Fla. 4th DCA 2023); *see also Perlow v. Berg-Perlow*, 875 So. 2d 383, 389 (Fla. 2004) ("[T]he practice of a trial judge adopting verbatim a proposed final judgment without making any … comments on the record prior to entry of the final judgment is frowned upon.").

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

FORST and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

4